# N. E. Fire & M. Ins. Co.

### *v.*

## Frederick R. Schettler.

1. Insurance—*insuring in other companies.* An insurance policy issued by the New England Company provided that if the insured should have existing, during the continuance of that policy, any other insurance not consented to by that Company in writing, and mentioned in or indorsed

upon the policy, then the insurance by that Company should be void. Held, that although the assured had existing, during a portion of the term embraced in such policy, other insurance, not consented to by the New England Company, either in writing or verbally, still, if such other insurance had ceased to exist at the time of the loss which the assured was seeking to recover of the New England Company, his right of recovery would not be affected.

2. Or, where the party applying to the agent of the New England Company for insurance, mentioned to the agent that he already had other insurance, the assured should not suffer by reason of the neglect of the agent to enter it in writing, on the policy.

3. Same—*authority of insurance agents.* An insurance agent, having the power to receive premiums, will be presumed to have authority to give permission to the holder of a policy to remove the property insured to another locality. It is sufficient that the party acting as agent, was the authorized agent of the Company. Having indorsed in writing on the policy the consent, for an enhanced premium, for the removal of the property, the Company should be held to it and bound by it.

4. Same—*as to the form by which a Company may be bound.* Notwithstanding the charter of an Insurance Company requires their contracts of insurance to be executed in a particular mode, yet if they adopt a different mode, and receive the benefit of the contract, they will be bound by it.

5. As, where the charter of a Company required that all agreements in relation to insurance should be signed by the President and Secretary of the Company, it was held that an agreement signed by an authorized agent of the Company, giving a party holding a policy permission, for an enhanced premium which was paid, to remove the property insured to a different locality, was binding upon the Company.

6. Corporations—*how far bound by acts of agents.* Corporations may be bound by the acts and admissions of their officers and agents acting in the ordinary affairs of the corporation, so far as relates to the business usually transacted by such officers and agents.

The notion that a corporation can only act under their corporate seal, and by their President and Secretary, has become obsolete.

Writ of Error to the Circuit Court of Cook County; the Hon. E. S. Williams, Judge, presiding.

The case is stated in the opinion of the Court.

Messrs. McAllister, Jewett and Jackson, for the plaintiff in error

Messrs. Bates and Towslee, for the defendant in error.

Mr. Justice Breese delivered the opinion of the Court :

This was an action of assumpsit on a policy of insurance issued by the plaintiff in error to the defendant in error, whereby, for the consideration of fifty-two dollars and fifty cents, paid by the defendant in error to the plaintiff in error, they insured the defendant against loss or damage by fire, to the amount of three thousand five hundred dollars on his stock of hardware, store, fixtures and furniture, in his building on lot numbered two, (2) on Washington street, in the town of Green Bay, State of Wisconsin, then occupied by the defendant as a store and dwelling.  The policy was dated December 15, 1860, and to continue one year from the 15th December, 1860, at 12 o'clock noon, until the full end and term of one year then next ensuing, and to expire on the 15th day of December, at noon, 1861.  On the 15th day of December, 1861, in consideration of the payment by defendant to plaintiff of the sum of fifty-two dollars and fifty cents, premium for the insurance of thirty-five hundred dollars upon these premises and property, the policy was renewed and extended from the 15th day of December, 1861, to the 15th day of December, 1862, at noon.

On the first day of April, 1862, the defendant made application to the plaintiff to remove the store and building containing the property insured, from lot two (2) named in the policy, to lot one, (1) on Washington street, in the same town of Green Bay, whereupon, in consideration of the sum of twelve dollars and forty cents, paid by the defendant to the plaintiffs, they, by their agent, granted permission to the defendant to make the removal to lot one, and the removal was made on the tenth day of April, 1862, of which the plaintiffs had notice.

The property in the policy, at the time of making it and at the time of the renewal, was further insured for the benefit of the defendant, in three different insurance offices in the city of

New York, to the extent of four thousand dollars. These offices had no notice of the removal from lot two to lot one, and gave no consent thereto.

The loss was occasioned by fire before the expiration of the policy, of which due notice was given the plaintiffs in error.

On the trial the court rendered a verdict for the defendant in error, assessing his damages at two thousand five hundred and eighty-nine dollars and seventy-seven cents, for which the court gave judgment, having denied a motion for a new trial.

The principal error relied upon is the fifth, which is as follows:

The court erred in holding the policy of insurance valid and binding on the plaintiffs in error.

The plaintiffs in error make these points: That the policy of insurance on which suit is brought, contains the following proviso:

" And provided further, That in case the assured or any other persons or parties with the knowledge of the assured, shall have existing, during the continuance of this policy, any other insurance against loss by fire, on the property hereby insured, and not consented to by this Company, in writing, and mentioned in or indorsed upon this policy, or if the assured shall make any attempt to defraud the Company, then this insurance shall be void and of no effect." That the fact appears from the sworn statement of the defendant, that during the time of the existence of this policy he had other insurance in three different companies upon the same property, to a large amount, which policies had been renewed from time to time, and did not expire until the first day of May, 1862. That the plaintiff in error never consented in writing to any of this other insurance, nor was it in any manner mentioned in, or indorsed upon the policy in question. Therefore, the plaintiffs contend, on these facts the court should hold the policy void.

This is the strong point in the plaintiffs' case, and has been greatly elaborated. To us it seems open to a satisfactory and conclusive answer, and it is this: The other policies in the

12—38th Ill.

New York offices were upon the goods and building on lot two, (2) on Washington street. There was no insurance of this property by these companies when the building and goods were removed to lot one. The case of *Spitzer* v. *The St. Marks' Ins. Co.*, 6 Duer. 7, cited by the plaintiffs in error for another purpose establishes this. There, in that case, there was no consent in writing by the Insurance Company that the goods might be removed. Here, there is no consent, verbal or written, of the New York companies, that the goods should be removed to lot one, consequently the policy ceased to be effective on the removal, as the case from Duer shows. There was, therefore, no valid policy on these goods after the removal, except that issued by the plaintiffs in error, so that the first point is not established. But how is the fact in regard to these New York policies? Were they not mentioned at the time this policy was issued? The agent of plaintiffs states the assured mentioned two offices in which he had effected insurance, but the agent did not enter them in writing on the policy, as he was bound to do. For this neglect the assured should not suffer.

But the whole case is set at rest by the fact that the plaintiffs by their authorized agent, Thomas, after the renewal of the policy, indorsed on it the following: "In consideration of twelve dollars and forty cents, additional premium hereby paid, permission is hereby granted the assured to remove the building containing the stock insured by the within named policy to lot No. 1, Washington street. Rate increased from 1½ to 2 per cent., but no change in amount of risk.

[Signed]                    W. C. E. Thomas, Agent."

The only question remaining is, as to the validity of this act of Thomas, the agent, and its binding effect on the plaintiffs. It is almost incredible, yet the fact is, the plaintiffs in error, after pocketing the defendant's money, have the assurance to say their agent had no authority to make this agreement to remove the building and property—that such agreement should be made and signed by the President and Secretary of the

Company, residing in Massachusetts or some other distant State, and that their local agent had no such power. If the money for this privilege had not been received by the plaintiffs the objection might have some force, but the facts show that Thomas was the local agent, and as such agent he had authority to receive premiums, that he received this money for the plaintiffs, and there is nothing shown that he had not the power to make the arrangement he did make. His power so to do, for the protection of the assured and to prevent fraud, will be presumed, and the plaintiffs held to a compliance with his contracts, if not in the precise form required by the charter. This is necessary to protect our people from the swindling operations of such companies.

We have no respect for a decision going to the extent of the case cited from 6 Duer 7, *Spitzer* v. *St. Marks Ins. Co.*, on this point. It is sufficient, in our judgment, that the party acting as agent, was the authorized agent of the plaintiffs. He indorsed in writing upon the policy the renewal and the consent, for an enhanced premium, to the removal of the building and goods, and the plaintiffs will be held to it and bound by it.

The notion that a corporation can only act under their corporate seal, and by their president and secretary, has become obsolete. Unless they may be bound by the acts and admissions of their officers and agents acting in the ordinary affairs of the corporation, so far as relates to the business usually transacted by such officers and agents, they would enjoy an immunity incompatible with the rights of individuals, and destructive of the object of their creation. *Ch. B. and Q. R. R. Co.* v. *Coleman et al.*, 18 Ill. 299.

We are satisfied the defendant in error has made out a good case, and that the law is with him. Of the character of the defense we have no remarks to make, further than this, that it has no merits, and is destitute of the semblance of justice. It is true the charter of the plaintiffs requires their contracts of insurance to be executed in a particular mode, but shall they be permitted, if they adopt a different mode, and receive the

benefit of the contract, if a loss happens, to insist their contracts were not in the shape and form their charter required, ·and in this way escape responsibility and defraud with impunity those who may choose to contract with them.    They will not be countenanced by this court in such experiments.

The judgment of the court below is affirmed.

. *Judgment affirmed.*