MADISON T. BATCHELDER *vs.* QUEEN INSURANCE COMPANY.

Suffolk.    March 21, 22. — Sept. 8, 1883.    DEVENS & W. ALLEN, JJ., absent.

In an action upon a policy of insurance, conditioned to be void in case of other insurance, oral evidence that the insurance company knew, when it delivered the policy, that there was other insurance outstanding, is inadmissible.

HOLMES, J. The policy sued upon was conditioned to be void in case of other insurance, and the plaintiff's evidence showed that there was other insurance outstanding when the policy was delivered. But there was also evidence tending to show that the breach of condition was known to the defendant

at the same time; and the plaintiff argues that he was at least entitled to ask the jury to find that the breach had been waived. However the law may be elsewhere, it is settled the other way in Massachusetts. A breach of condition, happening after a policy is issued, may be waived, no doubt; but when the breach exists at the moment when, if ever, the contract comes into existence, it must be waived at that moment, if ever, and at that very instant the writing purports to establish and insist upon the condition. We must follow the decisions that parol evidence of such a waiver as is relied on in this case would contradict the written instrument upon which the suit is brought. *Barrett* v. *Union Ins. Co.* 7 Cush. 175. *Oakes* v. *Manufacturers' Ins. Co. ante*, 248.                    *Exceptions overruled.*

*J. H. Benton, Jr.*, for the plaintiff, contended that, as the agents of the defendant knew the fact that there was other insurance when they issued the policy, the defendant had waived and was estopped to show the fact; and cited *Insurance Co.* v. *Wilkinson*, 13 Wall. 222, 233; *Hadley* v. *New Hampshire Ins. Co.* 55 N. H. 110; *Baxter* v. *Chelsea Ins. Co.* 1 Allen, 294; *Malleable Iron Works* v. *Phœnix Ins. Co.* 25 Conn. 465; *Ames* v. *New York Ins. Co.* 4 Kern. 253, 263; *Pitney* v. *Glen's Falls Ins. Co.* 65 N. Y. 6; *Pechner* v. *Phœnix Ins. Co.* 65 N. Y. 195; *Van Schoick* v. *Niagara Ins. Co.* 68 N. Y. 434; *Moliere* v. *Penn. Ins. Co.* 5 Rawle, 342; *Farmers' Ins. Co.* v. *Taylor*, 73 Penn. St. 342; *Eilenberger* v. *Protective Ins. Co.* 89 Penn. St. 464; *New England Ins. Co.* v. *Schettler*, 38 Ill. 166; *Lycoming Ins. Co.* v. *Barringer*, 73 Ill. 230; *Guardian Ins. Co.* v. *Hogan*, 80 Ill. 35; *Peoria Ins. Co.* v. *Hall*, 12 Mich. 202; *Ætna Ins. Co.* v. *Olmstead*, 21 Mich. 246; *Westchester Ins. Co.* v. *Earle*, 33 Mich. 143; *Miller* v. *Mutual Ins. Co.* 31 Iowa, 216; *Young* v. *Hartford Ins. Co.* 45 Iowa, 377; *Boetcher* v. *Hawkeye Ins. Co.* 47 Iowa, 253; *Brandup* v. *St. Paul Ins. Co.* 27 Minn. 393; *Hayward* v. *National Ins. Co.* 52 Mo. 181; *Pelkington* v. *National Ins. Co.* 55 Mo. 172; *Baile* v. *St. Joseph Ins. Co.* 73 Mo. 371; *Roberts* v. *Continental Ins. Co.* 41 Wis. 321; *American Ins. Co.* v. *Gallatin*, 48 Wis. 36; May on Ins. § 370; Wood on Ins. §§ 88, 359, 388, 394.

*T. H. Armstrong*, for the defendant.