THOMAS D. REED *vs.* THE EQUITABLE FIRE AND MARINE INSURANCE COMPANY.

In *assumpsit* on a policy of fire insurance, the defendant pleaded a condition of the policy that the policy should be void in case the insured had, or should afterwards have, other insurance on the property without the assent of the defendant in writing or in print, and averred that there was, without the defendant's assent, other insurance on said property in the A. Co. when the defendant's policy issued, whereby the defendant's policy became void. To this the plaintiff replied :
*First*, that the defendant had notice of the prior insurance when it made its contract ;
*Second*, that there was no other insurance at the time of the loss ;
*Third*, that the policy in the A. Co. had the same condition, and became void on the issuance of the defendant's policy ;
*Fourth*, that the plaintiff, before the defendant issued its policy, informed the agent of the defendant that the property was already insured in the A. Co.
On demurrers to these replications,
*Held*, that the first replication was good, and that the second, third, and fourth were bad.
*Greene* v. *Equitable Ins. Co.* 11 R. I. 43, and *Wilson* v. *Conway Ins. Co.* 4 R. I. 141, affirmed.

ASSUMPSIT. On demurrers to the replications.

*July* 16, 1892. STINESS, J. The plaintiff sues upon a fire insurance policy dated January 10, 1891, for the sum of $1,300. The house and barn covered by the policy were totally destroyed by fire November 5, 1891. The defendant's second plea sets up a condi-

tion that the policy should be void, except as to the interest of the mortgagee of the premises, in case the insured had or should afterwards have other insurance on said property without the assent of the defendant company in writing or in print, and avers that there was other insurance on said property, at the date of the policy, in the Attleboro Mutual Fire Insurance Company, without such assent, whereby the policy became void.

To this plea the plaintiff replies, *first*, that the defendant had notice of the prior insurance at the time of making the contract; *second*, that there was no other insurance at the time of the loss; *third*, that, as the Attleboro company's policy had the same provision, it became void upon the procurement of the policy in suit; and, *fourth*, that the plaintiff, before the issuing of the policy, informed the agent of the defendant company that the property was already insured in the Attleboro company, as alleged in the plea.

The defendant moved to strike out the first and fourth replications for certain technical defects, but, these having been amended, the case now stands on demurrer to all the replications.

The first question is, whether the defendant company is estopped from setting up the clause in question by notice to itself of the prior insurance at the time the policy was issued. The notice is not pleaded strictly as an estoppel; but since the facts set forth can be shown on trial without special pleading, we see no reason why it may not be set up in the replication with the same legal effect that the fact would have in evidence.

The same question was decided in *Greene* v. *Equitable Ins. Co.* 11 R. I. 434, where it was held that a mistake in a policy, limiting the amount of insurance after due notice to the company of a larger amount, might be shown in evidence by way of estoppel. The ground of the decision was, that it would be a kind of fraud for the insurer to insist upon a forfeiture for which they were more blamable than the insured. It would be taking advantage of one's own wrong. We see no reason to question that decision, and, following it, we must hold the first replication to be good.

As to the second replication, we think it is clear that, as the condition in question relates to the validity of the contract at its inception, it is immaterial what the facts were at the time of the loss. If the policy was invalid at its issue, for want of consent for

other insurance, it was invalid altogether. If it was not invalid, then it does not appear to be void at all, and hence it is of no consequence what the fact was at the time of the loss.

To sustain the third replication we think it must appear that " other insurance," in the sense of the policy, is valid insurance. It has been held that, when a policy is void by its own terms, it is no insurance, and no breach of the condition relating to other insurance. See May on Insurance, 2d ed. § 365, and cases cited. The first policy in this case was valid prior to the date of the policy in suit. If the last policy was invalid and there has been no subsequent insurance, it is difficult to see upon what ground the first policy is avoided and the second held, as set up in the replication. With precisely the same clause in each policy, the principle is not plain which would select the second as the subsisting policy and avoid the first. There may be good reason for saying that both should be avoided, as a guard against temptation on the part of the insured to obtain what he may suppose to be other good insurance ; but we see no good reason for holding that the operation of the clause avoids the first policy and holds the second. In *N. E. Fire & M. Ins. Co.* v. *Schettler*, 38 Ill. 166, cited by the plaintiff, it was held that other insurance on the property became void by a removal of the store insured from one lot to another, which was expressly assented to by the plaintiff in error, and hence there was no other insurance on the property to which the policy in suit attached after such consent, which was given upon the payment of a new consideration and increase of rate. The case is, therefore, quite distinguishable from the case at bar, and its syllabus seems to go beyond the decision. The cases of *Carpenter* v. *Providence Washington Ins. Co.* 16 Pet. 495, and *Funke* v. *Minnesota Farmers' Mut. Fire Ins. Co.* 29 Minn. 347, do indeed support the plaintiff's contention that the first policy was avoided by the issuing of the second, but upon the ground, which would be fatal to the replication, that both policies were avoided. We do not need to pass upon that question in this case, since under neither class of the cases referred to would the replication be good. If both policies are avoided by the operation of the clause in question, it is no answer to the plea to say that the first is void. If the other insurance must be valid insurance, the replication is

not well founded in law, since under such a rule the first policy would not be avoided, because of the invalidity of the second.

The fourth replication raises a question of greater difficulty, whether the fact that the plaintiff informed the agent of the defendant company, who procured the insurance, of the existence of other insurance, is a sufficient answer to the plea setting up the clause of the policy as to other insurance and alleging the breach of it.   Upon this point we think the tendency and weight of modern decisions are in favor of the plaintiff.   In some of these cases, however, it is to be observed that the agents were general agents of the company, having full authority to make contracts of insurance and to issue policies, and consequently standing in the place of the company itself.   See *German Ins. Co.* v. *Gray*, 43 Kans. 497 ; *American Ins. Co.* v. *Gallatin*, 48 Wisc. 36 ; *Berry* v. *American Cent. Ins. Co.* 30 North Eastern Reporter, 254; *Cross* v. *National Fire Ins. Co.* 30 North Eastern Reporter, 390; *Minnock* v. *Eureka Fire & Marine Ins. Co. of Cincinnati*, 51 North Western Reporter, 367 ; which were cases of general agents.   *Hayward, Assignee,* v. *National Ins. Co.* 52 Mo. 181, where the notice was given to the vice-president of the company ; and *National Fire Ins. Co.* v. *Crane*, 16 Md. 260, where the notice was given to the president of the company.   Other cases hold that an agent to procure applications for insurance, and to forward them to the company, is an agent of the company who may waive the condition of the policy.   *Key* v. *Des Moines Ins. Co.* 77 Iowa, 174; *Kister* v. *Lebanon Ins. Co.* 128 Pa. St. 553; *Farnum* v. *Phœnix Ins. Co.* 83 Cal. 246 ; *Insurance Co.* v. *Wilkinson*, 13 Wall. 222 ; *Eames* v. *Home Ins. Co.* 94 U. S. 621; *Russell* v. *Detroit Ins. Co.* 80 Mich. 407.   Most of the decisions of this class are based upon considerations of public policy; that the insured generally look upon the agent of the company as its full and complete representative, and in view of the apparent authority with which he is clothed he must be so regarded, in order to protect the insured from an unconscionable advantage which the company may take from some provision of the policy. Doubtless there have been cases where the insurance companies have taken such advantage of the insured, but doubtless, too, there have been quite as many cases where the insured have practised

imposition and fraud upon the company. The contract of insurance requires good faith on both sides. If a company cannot protect itself from fraudulent claims, either innocent stockholders must suffer, or all who have property to insure must contribute to such claims by the payment of rates sufficiently high to allow for the chances. There is much room for doubt, therefore, whether public policy requires the adoption of a rule which treats a contract of insurance differently from any other contract in writing. But, however this may be, we recognize the tendency of decision in favor of the insured ; and, if this were a new question in this State, we might feel compelled to yield to the weight of authority. Opposed to this line of decisions Massachusetts has stood almost alone, with a sturdiness characteristic of the commonwealth, and the decision of this court in *Wilson* v. *Conway Ins. Co.* 4 R. I. 141, was in harmony with the Massachusetts cases. In that case it was held that an agent who is empowered merely to receive applications to transmit to the company, and, if they choose to take the risk, to receive the policy and to issue it to the applicant on payment of the premium, is not the agent of the company for the making of applications; that if he is employed by the applicant, or acts for him in drawing up the application, he is the applicant's agent, for whose mistakes the applicant is responsible ; and that the company cannot be affected with notice by verbal communications made by an applicant to an agent so authorized. Stability of decision is very important in the administration of the law; and as this doctrine has stood so long in this State, apparently without question, and as it rests upon good reason, and is, moreover, in line with the rule of the State under whose law both these policies were issued, we see no sufficient ground to depart from it. See *Batchelder* v. *Queen Ins. Co.* 135 Mass. 449; *Lohnes* v. *Ins. Co. of N. America,* 121 Mass. 439. In Massachusetts, general agents and officers of a company have authority to waive conditions in a policy. *Little* v. *Phœnix Ins. Co.* 123 Mass. 380 ; *Shawmut Sugar Co.* v. *People's Mutual Fire Ins. Co.* 12 Gray, 535 ; *Priest et al.* v. *Citizens' Mutual Fire Ins. Co.* 3 Allen, 602. The replication in this case simply sets out that the plaintiff informed the agent of the company, who applied to him for insurance, of the existence of the prior policy. In our opinion this is not

sufficient to amount to a waiver. The demurrer to the first replication to the second plea must be overruled, and the other demurrers sustained.

*Simon S. Lapham & John W. Hogan*, for plaintiff.

*Charles P. Robinson*, for defendant.