Estate of Jesse Geist. Appeal of Daniel Kaylor, Administrator of Elizabeth Geist, Deceased.

*Wills—Provision for widow—Election.*

Testator made provision for his widow by giving her all his "household and kitchen furniture, horses, cattle and farm implements and other goods . . . . or as much thereof, as she may need during the time she shall remain my widow living and unmarried." He further directed that "all goods not retained or needed by her should be sold," and that his executor should "see that she has care during sickness and make her as comfortable as possible during illness that may come upon her." He also gave her the control of his farm during his life. After his death the farm was to be sold, and the proceeds divided among his children. The widow died thirteen hours after testator without having elected to take against his will. *Held*, that the widow did not take an unqualified gift in the personal property, and that her representative was not entitled to the proceeds of the personal property sold by testator's executor after her death.

Argued Oct. 11, 1899. Appeal, No. 25, Oct. T., 1899, by Daniel Kaylor, from decree of O. C. Jefferson Co., May T., 1897, No. 9, sustaining exceptions to auditor's report. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Exceptions to report of auditor, John M. White, Esq.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was in sustaining exceptions to auditor's report.

*Geo. A. Jenks,* with him *Charles Corbet,* for appellant.—The appellant was entitled to the proceeds of the sale of the personal property : Finney's App., 113 Pa. 17 ; Risk's App., 110 Pa. 176 ; Reed v. Reed, 9 Watts, 263 ; Dowdel v. Hamm, 2 Watts, 65 ; Reimer's Est., 159 Pa. 220 ; Mercur's Est., 151 Pa. 49 ; Woodside's Est., 188 Pa. 45 ; Brownfield's Est., 8 Watts, 465 ; Drennan's App., 118 Pa. 176 ; Merkel's App., 109 Pa. 235 ; Silknitter's App., 45 Pa. 365 ; Diehl's App., 36 Pa. 121 ; Gold's Est., 133 Pa. 495 ; Heppenstall's Est., 144 Pa. 259 ; Hancock's App., 112 Pa. 541 ; Lininger's App., 110 Pa. 398 ; Cox v. Rogers, 77 Pa. 160 ; Myers's App., 48 Pa. 26.

*Edward A. Carmalt,* with him *Nathan L. Strong* and *W. P. Jenks,* for appellee.—Under the ruling in Crozier's App., 90 Pa. 384, Elizabeth Geist, the widow of the decedent, must of necessity be presumed to have elected to take under the last will and testament of her husband, and this is true, though she may have died the next day after the testator, without actually having made an election : Jackson's App., 126 Pa. 105.

The natural affection of a father for his children cannot be lightly set aside, but will always control, and every presumption must be made in their favor : Bender v. Dietrick, 7 W. & S. 284 ; Cowles v. Cowles, 53 Pa. 175.

The intent of the testator is to be deduced from the language of the will taken as a whole : Miller's App., 113 Pa. 459 ; Striewig's Est., 169 Pa. 61 ; Byers's Est., 186 Pa. 404.

OPINION BY MR. CHIEF JUSTICE STERRETT, Oct. 30, 1899 :

The fund for distribution in the court below was the net proceeds of the real and personal estate of Jesse Geist, deceased, remaining in the hands of his executor, Daniel Geist, after payment of debts, costs and expenses of administration. That part of the fund which represents the net proceeds of testator's personal estate was claimed by appellant as administrator of

Elizabeth Geist, widow of the testator, who survived her husband less than thirteen hours.   His claim thereto is based on the assumption that under the provisions of the testator's will his widow took absolutely all the personal estate, or the proceeds thereof, remaining after payment of debts, costs and a proportionate share of the expenses of administration.   The learned court below held that appellant was not entitled to participate in the distribution on that or any other ground, and the entire fund was accordingly awarded to the appellee. Our consideration of the record has failed to disclose any error in the decree thus distributing the fund.

There appears to be nothing in the case to justify the suggestion that the testator died intestate as to any part of the personal estate in question.   Aside from the legal presumption against intestacy the scheme of the testator, as evidenced by the provisions of his will, indicates with sufficient clearness an intention to dispose of his entire estate, real and personal.

Whatever interest in her husband's estate Mrs. Geist became entitled to upon his decease must have been acquired under the provisions of his will, because she died within a few hours after his decease, without having exercised the purely personal right of election given her by the statute : Crozier's Appeal, 90 Pa. 384. It therefore follows that those claiming under her are bound by the testator's intention as evidenced by a proper construction of his will.

After directing payment by his executor of all his just debts, etc., out of his " personal property or the proceeds thereof," the testator made provision for the comfortable support and maintenance of his wife by giving her all his " household and kitchen furniture, horses, cattle and farm implements and other goods . . . . or as much thereof as she may need during the time she shall remain my widow living and unmarried."   He then directed that " all goods not retained or needed by her should be sold at public sale by " his executor, and that he (the executor) should " see that she has care during sickness and make her as comfortable as possible during illness that may come upon her.   She shall have the full control of my farm so long as she may wish to farm the same.   Should she, however, wish to enter into a contract with some one to farm the place, such contract or bargain shall be made in the presence and by the consent of

my hereinafter named executor." He then directed that after the death of his widow his farm shall be sold at public or private sale and the proceeds divided into five equal shares, one of which he gave to each of his four children, and the remaining one " to Bonnewell I. Raybuck, who has been faithful to me, and as a matter of right . . . . shall be made equal to my children."

In the next paragraph of his will the testator ordered his executor to make distribution of his estate as above stated, namely, one equal share to each of his four children, and one equal share to Raybuck, who, as he declared, "shall be made equal to my children."

In view of all the provisions of the will we think the learned president of the orphans' court rightly held that the testator did not make an unqualified gift of his personal estate to his wife, but gave her only so much thereof as she might need during life, or while she remained his widow. It so happened that during the few hours she survived her husband she needed very little, if any, of the personal property in question, and what she may have needed was doubtless provided for her by the executor, to whom was intrusted the duty of seeing that she was cared for and made " as comfortable as possible," etc.

It does not appear that she retained or needed any part of the personal estate ; and as directed by the will, " all goods not retained or needed by her " were sold by the executor and proceeds brought into his account for distribution among the five persons named as legatees in the will.

It follows that appellant had no standing to claim any part of the fund. The widow whose personal representative he is received in her lifetime all that her husband intended she should have under his will, namely, " as much thereof as she may need during the time she shall remain my widow living and unmarried."

We find no error in the decree. It is therefore affirmed and appeal dismissed at appellants' costs.