NEWLIN ET AL.

*v.*

PHILLIPS ET AL.

(Court of Chancery of Delaware. May 15, 1905.)

*Harry Emmons,* for complainants. *William T. Lynam,* for respondents.

NICHOLSON, Chancellor : The amended bill filed in this case sets forth at length the will of James B. Newlin, deceased, and also the will of his widow and executrix, Emma Alice Newlin, now deceased, disposing of the same property ; and alleges :

"(6) That on the 14th day of April, 1902, a bill was filed in this court by Emma A. Newlin, executrix of the last will and testament of James B. Newlin, deceased, against Harriet I. Newlin, Mary A. Newlin, Dora N. Mitchell, Alonzo Newlin, James A. Newlin, and Katie C. Phillips (formerly 'Clark'). The said parties, with the exception of Emma A. Newlin, now deceased, are the same parties named in the present bill, and the purpose of said bill was to obtain a proper construction of the will of the said James B. Newlin deceased; that said suit is still pending.

"(7) That letters testamentary upon the said will and codicil of the said Emma Alice Newlin, deceased, have been granted unto Katie C. Phillips, the executrix named therein; that your complainants are advised and believe, and hereby aver, that under the terms of the said last will and testament of the said James B. Newlin, deceased, the said Emma Alice Newlin was only entitled to a life estate in both the personal property and real estate of the said decedent, and that, having only a life interest in the said personal property and real estate of the said James B. Newlin, deceased, the said Emma Alice Newlin had no right to make any disposition whatsoever by will of any property received by her under the will of the said James B. Newlin, deceased, and which remained in her possession or control at the time of her decease; that your complainants have no adequate remedy whereby to determine what are the respective rights of the parties in the premises, and to obtain a proper construction of the said will of the said James B. Newlin, deceased, save through the intervention and by invoking the aid of your honorable court."

And prays: "(2) That this honorable court shall construe the provisions of the said will of the said James B. Newlin, deceased, respecting the premises, and instruct your complainant, the said Harriet I. Newlin, as to the manner in which she may properly and fully perform her duties as the administratrix of the said James B. Newlin, deceased."

The will of the said James B. Newlin, omitting the introductory clause, is as follows:

"I do hereby will, devise and bequeath to my wife, Emma Alice Newlin, all of my household effects, goods, and chattels of whatsoever kind I may be possessed at the time of my death; also all real estate, stocks, bonds, notes, bills, moneys, or any other instrument of writing representing money due me of which I may be possessed, to have, to hold, to keep, and enjoy for her own use and benefit, to be free from the control or interference of any person or persons whatever.

"It is my desire that she, the aforesaid Emma Alice Newlin, shall provide a home and all the comforts appertaining thereto, so long as

she shall remain unmarried and shall desire to avail herself thereof, to our sister, Katie Creary Clark.

"In case of the death of my wife, the said Emma Alice Newlin, it is my will and desire that the said Katie Creary Clark, shall receive from the estate then remaining the sum of five thousand dollars ($5,000) in money, real estate or stocks as she may elect, and as the estate will then permit.

"It is my will and desire that my wife, the aforesaid Emma Alice Newlin, shall carefully husband and keep intact, as nearly as possible the estate, in order that the revenues therefrom may give her a comfortable and sufficient livelihood for the remainder of her life; and, at her death, I desire that such as may be remaining thereof, and not herein specifically provided for be equally divided between my brothers and sisters who may then be surviving; or should none of them be at that time living, then it is to go to the children of my brother, Alonzo, to be divided between them share and share alike. If none of them be living then the estate is to be settled and the proceeds therefrom be divided amongst my nearest of kin which may be surviving.

"It is my will and desire further that the tall eight-day clock, formerly the property of my grandfather, which was bequeathed to me by my father shall go to my brother, Alonzo, and at his demise to be bequeathed to one of his sons who is best fitted from his circumstances to care for it. It is my will and desire, as it was that of my father, expressed in his last will and testament, that the said clock be always kept in the family, as an heirloom, as it has been for the past 85 years. It is, however, expressly conditioned that my wife, Emma Alice Newlin, is to remain custodian thereof during her lifetime, if she so desires.

"To my brother, Charles M. Newlin, I bequeath my gold-headed cane.

"To my sister, Harriet I. Newlin, I bequeath

"To my sister, Mary A. Newlin, I bequeath my two volumes of Picturesque America.

"To my brother, Alonzo Newlin, I bequeath my gold watch and chain.

"I hereby appoint my wife, Emma Alice Newlin, sole executrix of this my last will and testament, and it is my will and desire that no security be required of or exacted from her for the performance of these trusts inasmuch as I have full faith and confidence in her honor, honesty and integrity for the true and faithful performance of the same. If, however, security cannot be entirely waived, it is my will and desire that no more be required than just sufficient to cover any indebtedness which I may, at the time of my death, have.

"Given under my hand and seal this fifth day of January, one thousand eight hundred and eighty-eight."

In the case of *Roberts v. Lewis,* 153 *U.S.* 367, *et seq.,* 14 *Sup.Ct.* 945, 38 *L.Ed.* 747, one of the cases elaborately discussed by counsel, it was decided that under the language of the will construed in that case, which gave to the widow a power of sale, "the widow had power to convey to third persons an estate in fee simple in the testator's lands." But the court was careful to add: "It is unnecessary to express a positive opinion upon the question whether, under this will, the widow took an estate in fee; for, if she took a less estate with power to convey in fee, the result of the case would be the same as if she took an estate in fee herself." Referring to the authorities cited by counsel, the court uses language which I will adopt as applying to the authorities cited by counsel in the present case, as well as those examined by me in addition to those cited. It is as follows: "The numerous cases cited in the briefs have been examined, and show that the general current of authority in other courts is in favor of our present conclusion; but, as they largely depend upon the phraseology of particular wills, it would serve no useful purpose to discuss them in detail." The case of *Healy v. Eastlake,* 152 *Ill.* 428, 429, 39 *N.E.* 260, however, cited by counsel, and also in 24 *Eng. & Am. Enc. of Law, p.* 448, in a note, sets forth very fully and accurately the principles that must guide the court in the construction of the will under consideration in the present case. I will therefore quote it as follows: "It is elementary that the intention of the testator as expressed in his

will shall govern in its construction. In giving effect to the intention, every provision, whenever doubt or uncertainty supervenes, is, if possible, to be given significance and force."

It is insisted by counsel for appellee that the daughter, Alice, took an estate in fee simple, and therefore, being given unlimited power of disposition, any limitation over would be inoperative and void, as inconsistent with the principal devise. The doctrine contended for is stated by Redfield (2 *Law of Wills,* 277) to be "that, where the first devisee has the absolute right to dispose of the property in his own unlimited discretion, and not a mere power of appointment among certain specified persons or classes, any estate over is void, as being inconsistent with the first gift." And this doctrine has become well established in this state. *Hamlin v. United States Express Co.,* 107 *Ill.* 443. But that it has application here is a misapprehension. "The exclusion of the devise over," says Redfield (*Id.* 278), "depends upon whether the first taker has the absolute right to dispose of the property," and if, upon consideration of the will, it appears that the testator has manifested a different or contrary intention, such construction will be adopted if possible, as will harmonize and give effect to the apparently repugnant provisions (*Murfitt v. Jessop,* 94 *Ill.* 158), and to do this the court may, if necessary, restrict or decrease the prior devise (1 *Redfield on Wills,* 443 *et seq.*: 2 *Jarman on Wills,* 44 *et seq.*). As said by Jarman (*Id.* 45): "It is obvious that a will can seldom be rendered absolutely void for mere repugnancy. For instance, if a testator, in one part of his will, gives to a person an estate of inheritance in lands, * * * and in subsequent passages shows that he means the devisee or legatee to take a life interest only, the prior gift is restricted accordingly." "Only as a last resort will a court hold conflicting provisions of a will irreconcilably repugnant. 1 *Redfield on Wills,* 451."

It is not questioned that the language of the first paragraph of the will quoted taken by itself, is sufficiently broad to vest the personal property absolutely, and the real estate in fee. In the subsequent clauses, however, there are devises and bequests over which indicate that such was not the intention of the testator, but that he had it in mind to give his wife the use and enjoyment of all he possessed during

her lifetime, with the power, if she should at any time find the income insufficient for her support, to dispose of so much of the estate as she might find to be necessary for that purpose. According to the statements of counsel, the estate consisted of real estate in the city of Washington, in the District of Columbia, of real estate in the city of Wilmington, and personal property amounting in the aggregate to about $27,000; and the testator evidently thought that it ought to supply an income sufficient for her needs. This is indicated by the clause, "It is my will and desire that my wife, the aforesaid Emma Alice Newlin, shall carefully husband and keep intact, as nearly as possible, the estate, in order that the revenues therefrom may give her a comfortable and sufficient livelihood for the remainder of her life." No power of disposal is given expressly, and the implied power is manifestly intended to be limited to what may be necessary, upon emergency possibly, for her support. Nor does the language in the will bring the limitations over within the principle of precatory trusts, so clearly laid down by Chancellor Saulsbury in the case of *Bryan v. Milby*, 6 *Del.Ch.* 208, 24 *Atl.* 833, 13 *L.R.A.* 563.

The counsel for the respondents do not attempt to claim that the power of disposal is intended to extend to disposal by will, but they urge that the devises over are excluded by the right given to dispose of the property. We have seen, however, that the right of disposal given is not an absolute right, and, according to the canons of construction we have quoted above in the citation from *Healy v. Eastlake,* such a construction should be adopted as will harmonize and give effect to all the provisions taken together, and sustain the devises and bequests over at the death of the testator of all the property which she had not disposed of.

In support of the principle that when the power of disposal is conditioned, as for the support of the first taker, a number of cases are collected and cited in 24 *Eng. & Am. Enc. of Law,* p. 448, note 1. The Supreme Court of the District of Columbia has so decided in a suit brought for the construction of the will under consideration, in relation to the real estate situated in the city of Washington, of which the said James B. Newlin died seised; the decision of that court being that: "The said real estate is devised to the widow of the decedent,

Emma A. Newlin, the complainant herein, for and during the term of her natural life, with the right to resort to the principal, if necessary for her support with the remainder in fee to Harriet I. Newlin," etc., setting forth the devises over.

In view of the considerations I have briefly adduced and the authorities I have cited, I am brought to the conclusion that under the terms of the last will and testament of the said James B. Newlin, deceased, the said Emma Alice Newlin was not entitled to a fee in the real estate or to absolute ownership of the personal property of the said James B. Newlin, deceased, and had no right to make any disposition whatsoever, by will, of the property received by her under the will of the said James B. Newlin, deceased, and that the devises and bequests over contained in the will of the said James B. Newlin at the death of the said Emma Alice Newlin of such as remained thereof in the possession of the said Emma Alice Newlin at the time of her death are valid.

Let the decree be entered accordingly.