HETH LORTON, Administrator of CORNELIA LORTON, Deceased,

*vs.*

MOSES W. WOODWARD, Executor of NATHANIEL SNIELSON, Deceased.

New Castle, Sept. T. 1883.

*Will; bequest.*

The bequest of the income of a fund to one and his heirs forever is an absolute bequest of the *corpus* of the fund itself.

BILL FOR AN ACCOUNTING AND FOR THE PAYMENT OF THE PRINCIPAL AND INTEREST OF A TESTAMENTARY TRUST FUND.——

Nathaniel Snielson, late of New Castle County, in and by his last will, bearing date the first day of September, 1853, devised and bequeathed as follows: " It is my will and desire that my executors, or the survivor of them, or the executors or administrators of such survivor, will pay semi-annually to Elizabeth C. Cornish, single or married, in her own right, all the interest arising from all moneys and stocks composing the general fund that may be in their hands, from time to time, during the natural life of the said Elizabeth C. Cornish; and at her death it is my will and desire that my executors, or the survivor of them, or the executors or administrators of such survivor, will pay semi-annually to Mrs. Cornelia Lorton, formerly Cornelia Astrachan, of Petersburgh, Virginia, all the interest arising from all moneys and stocks composing the general fund that may be in their hands, from time to time, to the said Cornelia Lorton and her heirs forever."

Moses W. Woodward, the defendant, and Hyland B. Pennington were appointed executors in the will, and took upon themselves the execution thereof. Pennington, on the second day of September, 1878, was removed from his office of co-trustee as to said general fund, and the said Moses W. Woodward, who had had hitherto the sole active management, remained and now is the sole legal custodian thereof.

Elizabeth Cornish died soon after the testator. Moses W. Woodward invested the said general fund in the public loan of the City of Philadelphia, commonly called " City Sixes,". and paid the income thereof, from time to time, to Cornelia Lorton until her death. The par value of said loan is $5,200.

Cornelia Lorton died on or about the 7th day of August, 1882, in the State of Virginia, intestate, and letters of administration upon her estate have been granted, by the proper authority of said State, to Heth Lorton, the complainant. The complainant, as such administrator, has demanded that the said defendant pay to him the funds so invested, with all the profits and accretions, if any, thereto belonging. The defendant has refused so to do.

The bill prays that the defendant may, by his answer, account for the principal and interest of said general fund in his hands, and that he may be decreed to pay the same to the complainant, administrator as aforesaid.

The answer admits the facts stated in the bill, and submits to act in all things as the court shall direct.

*George Gray* for the complainant.

*H. H. Ward* for the defendant.

THE CHANCELLOR.—The bequest of the income arising from the fund, to Cornelia Lorton and her heirs forever, was the bequest of the *corpus* of the fund itself to her, which, not being paid to her in her lifetime, the complainant, as her personal representative, is entitled to receive.

The devise of the income and profits of real estate to one and his heirs is held to be a devise of the land itself ; and there can be no reason why the income arising from personal estate devised to Cornelia Lorton and her heirs forever, at the death of Elizabeth C. Cornish, should not be held an absolute devise of the fund itself.

Let a decree be drawn accordingly.