# William H. Selby et al., Appellants, v. Amanda Summers et al., Appellees.

## Gen. No. 6,340.

1. WILLS, § 360*—*what estates created by.* On a bill for an accounting based upon the construction of the last will of a testator whereby the complainants claimed that the testator bequeathed a life estate in personal property to his widow, with remainder to his children, and where the widow had by her last will devised real estate purchased with the proceeds of a sale of such property to certain of her children to the exclusion of the complainants, and such provision in question was in two parts, the first devising a life interest in realty, and the second was as follows: "I also will and bequeathed unto her [the wife] all my household goods, personal property and money," *held* that the two clauses were distinct and separate and that one devised the realty with a life estate limitation, and the other bequeathed the personalty and money absolutely.

2. WILLS, § 364*—*when life estate not created in personalty.* A provision in a will as follows: "Second: I will and bequeath unto my wife, * * *, for and during her natural life, the northeast quarter of section three, in township nine north, range three east, in * * *. I also will and bequeath unto her all my household goods, personal property and money," construed in connection with a provision in another paragraph, that if, after the death of the widow, any of the personalty should remain not used or disposed of, it should go to the children of the testator, and *held* that the conjunctive word "also" did not connect the words of limitation—which definitely referred to the realty—with the separate and distinct bequest of the personalty, and that by the second clause of the second paragraph the testator bequeathed to his widow the absolute ownership of the personalty therein mentioned.

3. WILLS, § 247*—*when disposition of remainder in personalty is void.* Where, by the terms of one of the paragraphs of a will, personal property was bequeathed absolutely to the widow of the testator, and in a subsequent paragraph the testator directed that if, at the death of the widow, any of the personalty should remain unused or not disposed of, it should go to the children of the testator, *held* that the disposition of the remainder after the widow's death was void.

4. WILLS, § 327*—*when ownership of property disposed of by will is implied.* The right to dispose of property in a will without words of limitation legally implies ownership.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Circuit Court of Knox county; the Hon. GEORGE
W. THOMPSON, Judge, presiding. Heard in this court at the October
term, 1916. Affirmed. Opinion filed April 19, 1917.

E. T. MORRISON, JOSEPH CROW, C. D. HENDRYX,
CHARLES DICKERSON and GURLEY & FITCH, for appellants.

CHIPERFIELD & CHIPERFIELD and WILLIAMS, LAW-
RENCE, WELSH & GREEN, for appellees.

MR. PRESIDING JUSTICE NIEHAUS delivered the opin-
ion of the court.

This is an appeal from a decree of the Circuit Court
of Knox county, sustaining the demurrer to a bill
brought by William H. Selby and others, appellants,
against Amanda Summers and others, appellees, for
an accounting, based upon the construction of the last
will of Philoman B. Selby, deceased, by which it is
claimed, that the deceased testator bequeathed to his
widow, Elizabeth Selby, his household goods, personal
property and money, for life, the remainder, after her
death, to be equally divided among his children, or
their descendants, share and share alike. The bill
alleges that the widow, under the provisions of the
will, received the personal estate of the testator, which
amounted to about $40,000; and that, by changing the
character of the investments and reinvesting the es-
tate, it grew to be of the value of about $60,000 at the
time of her death, which occurred on or about March
25, 1904; that a large part of the money which she
received under the will she invested in real estate,
the title to which she acquired in her own name; that
the widow undertook to dispose of her personal prop-
erty and the real estate purchased therewith, and the
increments thereof, by her last will, to her daughters,
Amanda Summers, Salina Clark and Ruth Bigelow,
who are the appellees; that the appellants are not in-

formed as to how much of the personal estate or money was used for the purchase of real estate, but aver that some of the real estate acquired by her was partly purchased with the money and personal property of the estate of the deceased testator; and some was entirely purchased with such money and property; and claim an interest in said real estate to the extent that the personal estate of Philoman B. Selby was used and entered into the purchase price thereof, and ask for an accounting, both with reference to the personal property remaining at the time of the death of the widow, which it is alleged passed into the hands of the appellees; and also with reference to the interest claimed in the real estate, which was purchased, in whole or in part, by the personal estate of the deceased testator.

Appellants have no right to an accounting, if the widow, by virtue of the provisions of the will, became the absolute owner of the personal property. Appellants contend that a proper construction of the will requires that the second and the sixth paragraphs of the will to be considered together, to arrive at the intention of the testator; and that when considered together they show that the testator, by the second paragraph, intended to bequeath to his widow a life interest only in the personal property mentioned therein. The paragraphs are as follows:

"Second. I will and bequeath unto my wife, Elizabeth Selby, for and during her natural life, the northeast quarter of section three, in township nine north, range three east, in Knox County, Illinois. I also will and bequeath unto her all my household goods, personal property and money."

"Sixth. After the decease of my wife, Elizabeth Selby, if any of the proceeds of my personal estate shall remain not used or disposed of by her, I will and direct that the same shall be equally divided between my children and their descendants, share and share

alike. If they are dead, the descendants to take a child's part.''

The two clauses contained in the second paragraph are distinct and separate, and pertain to different subjects; the one devises the real estate, with the limitation embodied in the words ''for and during her natural life''; and the other bequeaths the personal property and money, without any words of limitation whatever. It is claimed by appellants, that because the two clauses are connected by the conjunctive word ''also'' that this connects the bequest of the personal estate with the limitation ''for and during her natural life,'' contained in the devise of real estate in the first clause. From a grammatical, as well as from a legal standpoint, it is apparent, however, that the only purpose of the conjunction is to connect the two clauses together as the provisions made by the testator for the widow; and not to connect the words of limitation (which definitely refer to the real estate) with the separate and distinct request of the personal property. It is evident, too, that the two clauses could be separated and placed apart in different parts of the will without changing or impairing the meaning or significance of either; and this of itself shows that, in meaning and effect, they are entirely independent of one another.

We are of opinion that by the second clause of the second paragraph the testator bequeathed to his widow the absolute ownership in the personal property mentioned therein. It is difficult to see how the testator could have used language to dispose of his personal property that would more clearly signify unconditional ownership.

If, however, the sixth paragraph is considered in connection with the second clause of the second paragraph, it becomes apparent at once that the testator had in mind that he had given his widow the right to dispose of the personal property as she might see fit.

This idea could only come from a contemplation of the terms of the second clause—there being no other words in the will from which the right to dispose of the property could be inferred; and the only right to dispose of the property which can be inferred from the second clause is such as would be incidental to ownership.   Necessarily, therefore, he must have thought that by the terms of the second clause he had invested his widow with the ownership of the property bequeathed to her.   The right to dispose of property in a will without words of limitation legally implies ownership.   *Hamlin v. United States Exp. Co.*, 107 Ill. 443; *Wilson v. Turner*, 164 Ill. 398; *Burton v. Gagnon*, 180 Ill. 345.   Nor is the force of the feature of the sixth paragraph above mentioned in any way diminished by the fact that in the same paragraph the testator directs a distribution of the personal property which might remain after the widow's death.

If the widow took the personal property under the provisions of the will, as absolute owner, then the disposition of the remainder after the widow's death, to the children or descendants, in the sixth paragraph of the will, was void, and did not change the character of the original bequest.   It is said in 2nd Jarman on Wills (5th Amer. Ed.), page 529, note 19: "In general, a gift over by remainder or otherwise, after an absolute legacy or devise in fee, of whatever may remain if the first legatee or devisee die without having disposed of it, is repugnant to the nature of the estate or interest first given, and void."   And this doctrine has received sanction by our Supreme Court.   (*Wilson v. Turner, supra; Griffiths v. Griffiths*, 198 Ill. 632; *Lambe v. Drayton*, 182 Ill. 110; *Jenne v. Jenne*, 271 Ill. 526.)

We conclude, therefore, that not only by the express terms of the will, but also by the manifest intention of the testator, as it appears from the language of the

sixth clause, Elizabeth Selby was the absolute owner of the personal property bequeathed to her; and that by her last will the property passed to Amanda Summers, Selina Clark and Ruth Bigelow, the appellees; and the appellants, under the averments of their bill, had no right to compel the appellees to account. The demurrer to the bill was properly sustained.

And in this view of the matter it becomes unnecessary to discuss other questions raised on this appeal. The decree dismissing the bill is affirmed.

*Decree affirmed.*