JOHN F. MURRAY & another, executors, *vs.* ROMAN CATHOLIC HOME FOR ORPHANS AND DESTITUTE CHILDREN OF BOSTON & others.

Middlesex.    January 22, 1919. — March 1, 1919.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & CARROLL, JJ.

*Devise and Legacy. Equity Jurisdiction,* Bill for instructions.

The will of a testatrix made her husband and her son, who was her only child, the executors of her will. The will then provided as follows: "2nd. To my said husband . . . I give devise and bequeath all of my real estate of every name and description of which I may die seized, possessed or to which I may be entitled at the time of my decease for his support and comfort during the term of his natural life. 3rd. To my son, . . . aforesaid, I give, and bequeath all of my personal estate of every name and kind of which I may die possessed or be entitled at the time of my decease. 4th. If my said husband does not outlive my said son leaving any portion of the estate hereby devised him unexpended I devise and bequeath such unexpended portion to my son . . . aforesaid and his heirs. In case, however, that my husband does outlive my said son, said son leaving no issue, in such event I give and bequeath any unexpended remainder of the estate hereby bequeathed my son to my husband aforesaid. 5th. But at the decease of both my said husband and son leaving no living issue, from any unexpended remainder of my estate hereby devised and bequeathed to said legatees I give and bequeathe . . ." Here followed various legacies to charities and individuals. The testatrix was survived by both her husband and her son, who were appointed the executors of her will and brought a bill for instructions. The whole estate of the testatrix, real and personal, was worth about $60,000. The personal property of her estate was valued at something over $48,000. *Held,* that all the personal property of the testatrix was bequeathed to her son absolutely, notwithstanding the subsequent clauses of the will undertaking to dispose of it in certain contingencies.

*Held, also,* that, as the husband and son both were living and as the plaintiffs were entitled to be instructed only in regard to their present duties, there was no occasion to determine the disposition of such part of the real estate as might remain at the times of their respective deaths.

BILL IN EQUITY, filed in the Supreme Judicial Court on February 13, 1918, and amended on October 18, 1918, and January 15, 1919, by John F. Murray and John Frederick Murray, executors of the will of Catherine Murray, late of Cambridge, for instructions.

In the bill as amended it was alleged that the estate of Catherine Murray, including both real and personal property, was of the total value of about $60,000 and that the personal property of her

estate as determined by the Tax Commissioner for the assessment of a legacy or succession tax was $48,157.77.

The will of Catherine Murray was as follows:

"Be it known that I, Catherine Murray of Cambridge in the County of Middlesex and Commonwealth of Massachusetts, being in good health and of sound and disposing mind and memory but mindful of the uncertainty of human life do make publish and declare this my last will and testament, hereby revoking any and all wills by me at any time heretofore made.

"1st. I designate and appoint my husband John F. Murray and my son John Frederick Murray executors of this my last will and testament and request that no surety or sureties be required upon their or either of their official bond in discharging said trust.

"2nd. To my said husband John F. Murray I give devise and bequeath all of my real estate of every name and description of which I may die seized, possessed or to which I may be entitled at the time of my decease for his support and comfort during the term of his natural life.

"3rd. To my son, John Frederick Murray aforesaid, I give, and bequeath all of my personal estate of every name and kind of which I may die possessed or be entitled at the time of my decease.

"4th. If my said husband does not outlive my said son leaving any portion of the estate hereby devised him unexpended I devise and bequeath such unexpended portion to my son John Frederick Murray aforesaid and his heirs.

"In case, however, that my husband does outlive my said son, said son leaving no issue, in such event I give and bequeath any unexpended remainder of the estate hereby bequeathed my son to my husband aforesaid.

"5th. But at the decease of both my said husband and son leaving no living issue, from any unexpended remainder of my estate hereby devised and bequeathed to said legatees I give and bequeathe five thousand (5000) dollars to the Roman Catholic Home for Orphans and Destitute Children now located on Harrison Avenue, Boston, Massachusetts.

"6th. Any balance of said 'unexpended remainder' remaining after the payment of said sum of five thousand (5000) dollars I direct to be divided into two equal parts, and one of which said parts I direct shall be equally divided between my brother Bernard

O'Reilly of Milwaukee, Wisconsin, and my sister Annie McKnight of Unity, Wisconsin, share and share alike.

"The other part I direct shall be divided equally among the children of my brother, Patrick Smith, of my sister, Bridget Claire, of Margaret Murphy, all of New York, and James Smith of Waterbury, Connecticut, share and share alike."

Here followed the attesting clauses with the signature of the testatrix and those of the three attesting witnesses.

The case was heard by *Crosby,* J., who reserved it upon the bill as amended and all the answers thereto and certain findings of fact made by him for determination by the full court.

*F. N. Nay,* (*W. N. Tuller* with him,) for the defendants John F. Murray and John Frederick Murray, individually.

*M. J. Sughrue & D. J. Triggs,* for the defendant corporation, submitted a brief.

BRALEY, J. The husband and the only son of the testatrix are both living, and as the executors are entitled to be instructed only as to their present duties, there is no occasion to determine the rights, if any, of the devisees and legatees referred to or named in the second, fourth, fifth and sixth clauses of the will. *Peabody* v. *Tyszkiewicz,* 191 Mass. 317.

But the third clause is in these words: "To my son, John Frederick Murray aforesaid, I give, and bequeath all of my personal estate of every name and kind of which I may die possessed or be entitled at the time of my decease." The word "aforesaid" refers to the first clause where he is named as one of the executors. The record recites that, the estate having been settled, the total amount of personal property is $48,157.77, concerning the distribution of which the executors are in doubt. They are instructed, that, upon payment of the legacy and succession tax assessed thereon and any other lawful charges, the balance is to be paid to John Frederick Murray, who notwithstanding the wording of the subsequent clauses takes all personal property as the sole legatee. *Galligan* v. *McDonald,* 200 Mass. 299. *Rhines* v. *Wentworth,* 209 Mass. 585, 588.

The costs of the executors are to be settled in their account in the court of probate; but the costs of the defendants taxed as between solicitor and client are to be determined by a single justice.

*Decree accordingly.*