MARJORIE GREGG et al. *vs.* GEORGIE J. BAILEY et al.

Oxford.     Opinion May 5, 1921.

*The construction and interpretation of a will.   There is no fixed rule of construction that a gift or devise in general terms without words of inheritance or. a general power of disposal, but with a remainder over at the death of the first taker, conveys an absolute estate.   In all such cases it becomes a question of interpretation to determine the intent of the testator from the entire will which must and should control.   The presumption that a fee or an absolute estate was intended, may be rebutted by a limitation or remainder over at the death of the first taker.*

A will provided in terms: First, to my sister, A, I give and bequeath four thousand dollars. At her decease, same to go to my sister B. Second, to my sister, B, I give and bequeath four thousand dollars. At her decease the same to go to my two daughters together with what I previously gave to my sister, A. Lastly, in my bequest to my sister, B, I wish to make this change, that at B's death, if my sister, A, survives, I wish the property to revert to her and to only become the property of my daughters when both of my sisters become deceased,

*Held:*

That where personal property is bequeathed without words of inheritance, the same rules of construction as in case of real estate have been so long applied in the interpretation of wills that it may now be considered settled, that in all bequests of personal property without words of inheritance, an absolute estate passes unless it appears from the other provisions of the will that a lesser estate was intended.

The controlling factor in the construction of wills is always the intent of the testator to be gathered from the entire instrument. If, however, his intent cannot be carried out without conflicting with some positive rule of law, or

is so expressed that it cannot be effectuated without violating some canon of construction so firmly established as to have become a fixed rule of law governing the transfer of property by will, it must fail of execution.

The intent of the testator as clearly expressed in the will under construction does not violate the well known substantive rule of law that a fee or an absolute estate cannot be limited upon another fee or absolute estate. It was the testator's expressed wish that "at the death" of either sister "the same," not what was left, was to go to the survivor; and upon the death of the survivor, both bequests, not what remained of them, should go to his daughters. Only by isolating each gift from the rest of the will can it be said that there was any indication of an intent to create an absolute estate in either sister.

No firmly established rule of construction will be violated by carrying out the testator's intent. A gift or devise of property without words of inheritance carries only a persumptive fee or absolute estate. Under Sec. 19 of Chap. 79, R. S., it is always a question of construction as to the quantity of the estate conveyed.

If to a gift or devise without words of inheritance a general power of disposal is added, whether expressly or by implication, by rules of construction firmly established, the estate in the first taker is held to be absolute, in which case any remainder over is obviously repugnant thereto and therefore void.

A limitation or remainder over at the first taker's death, in the light of the remainder of the will, may as clearly indicate that only a life estate in the first taker was intended as the words "for life" or a limited power of disposal; and where it is clear from the entire will that the lesser was intended, a remainder over is good.

The burden of showing that a rule of construction has become so firmly fixed that it must prevail against the clearly expressed intent of the testator is upon him who asserts it.

It has not become firmly established as a rule of construction in this State, that where there is a gift or devise in general terms without words of inheritance or a general power of disposal in the first taker, a limitation or remainder over at his death may never be sufficient to indicate that a fee or an absolute estate was not intended in the first taker.

In only one case in this State, *Hopkins* v. *Keazer*, 89 Maine, 347, has such a state of facts arisen and there the contrary doctrine was applied, and the cases where a general power of disposal was added to the first gift were differentiated. In all other cases which have come before this court where the remainder over has been held void, there were either words of inheritance added to the devise or a general power of disposal given to the first taker, and for this reason they are not controlling of the present case.

There being no fixed rule of construction that a gift or devise in general terms without words of inheritance or a general power of disposal, but with a remainder over at the death of the first taker, conveys an absolute estate, it becomes in all such cases a question of interpretation to determine the intent of the testator from the entire will which must and should control. A limitation

or remainder over at the death of the first taker may in the light of the other provisions of the will be sufficient to rebut the presumption, which follows from a gift or devise without words of inheritance, that a fee or an absolute estate was intended.

There is nothing in the will under consideration, if a life estate only is given to the sisters, that indicates it was the intent of the testator that they should use any part of it; on the contrary, we think it may be fairly inferred from the language of the will that the principal sum was to be kept intact and the income only used by the sisters.

If the testator intended to create a trust to protect the principal during the continuance of the life estates he did not say so. He apparently was content to entrust it to his sisters and rely on their integrity to preserve it. It should be paid to them. If there is any reason why security should be given for its protection, it must be established in other proceedings.

On report. This is a bill in equity brought by Marjorie Gregg of Seattle, Washington State, and Hortense G. Gates of Norway, Maine, daughters of the late William Gregg of Andover, against Georgie J. Bailey and Frances Ann Gregg, as executrix, sisters of the said William Gregg, seeking the interpretation and construction of the will of the said William Gregg. The cause was heard upon bill and answer, and by agreement reported to the Law Court. Bill sustained.

Case is fully stated in the opinion.

*Aretas E. Stearns, and Alton C. Wheeler,* for plaintiffs.

*George A. Hutchins, and Ralph T. Parker,* for defendants.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, DUNN, MORRILL, WILSON, DEASY, JJ. MORRILL, J., dissenting. DUNN, DEASY, JJ., concur in dissenting opinion.

WILSON, J. A bill in equity praying for the construction of the will of William Gregg, late of Andover in the County of Oxford. The clauses of which interpretation by the court is requested are as follows:

"First, to my sister Georgie J. Bailey I give and bequeath four thousand dollars. At her decease same to go to my sister, Frances Ann.

Second, to my sister Frances Ann Gregg, I give and bequeath four thousand dollars, at her decease the same to go to my two daughters in equal amounts together with what I previously gave to my sister, Georgie J. Bailey.

Lastly . . . In my bequest to my sister, Frances as mentioned above, I wish to make this change, that at Frances' decease, if my sister survives I wish the property to revert to her and to only become the property of my daughters when both of my sisters become deceased."

In addition to these provisions, the sisters were made his residuary legatees, while the only other provisions for his two daughters, the plaintiffs in this action, were bequests of one thousand dollars each.

The contention of the plaintiffs is that the respective gifts to the sisters in the first and second paragraphs above are for life with cross remainders to the survivor, with remainders over to his daughters in equal shares.

The defendants, however, contend that the gifts to the sisters in the first instance were absolute in terms and not only the remainder to the daughters, but the cross remainders to the survivors, being repugnant thereto, are void under the familiar rule that a fee or an absolute estate cannot be limited upon a fee or another absolute estate.

It is true that the bequest here is of personal estate and no words of inheritance are required to convey an absolute gift, but the same rule applicable to real estate without words of inheritance has been so long and indiscriminately applied in the interpretation of wills to personal property, viz: That it conveys an absolute estate unless the contrary appears to have been the intent of the testator, that the principles governing one class of property in this respect may properly be held to govern the other, *Hopkins* v. *Keazer*, 89 Maine, 347, *Bradley* v. *Warren*, 104 Maine, 423; *Reed* v. *Creamer*, 118 Maine, 317; *Smith* v. *Walker*, 118 Maine, 473; *Bassett* v. *Nickerson*, 184 Mass., 169; *Ware* v. *Minot*, 202 Mass., 512, in all of which cases the same rule was applied to both real and personal property without discrimination.

The controlling factor in the interpretation of wills always is the intent of the testator to be gathered from the entire instrument interpreted in the light of the existing circumstances. If, however,

that intent cannot be carried out without conflicting with some positive rule of law, or is so expressed that it cannot be effectuated without violating some "cannon of interpretation so firmly established as to have become a fixed rule of law governing the transfer of property" it must fail of execution.   But these so-called canons of construction must in all cases be applied with caution and especially so if they override the real purpose of the testator, and should never be forced.   *Hopkins* v. *Keazer,* 89 Maine, 347, 353; *Bradley* v. *Warren,* 104 Maine, 425, 427; *Barry* v. *Austin,* 118 Maine, 51, 53, 54.   The courts will never substitute what has been termed the judicial intent for that of the testator, unless it clearly appears that his actual intent as expressed in his will, if carried into effect, would violate a substantive rule of law or one of the established rules of construction above referred to.

It is a substantive rule of law that a fee or an absolute estate cannot be limited upon a fee or another absolute estate.   The plain intent of the testator in the case at bar, however, does not violate this rule.   There is nothing in the provisions of the will, unless each gift be isolated from the rest of the will, that indicates an intent on the part of the testator that his sisters should take an absolute estate in the sums specifically bequeathed to them under the first and second paragraphs,—no general power of disposal either express or implied as in *Jones* v. *Bacon,* 68 Maine, 34 and *Mitchell* v. *Morse,* 77 Maine, 423, no words of inheritance as in *Morrill* v. *Morrill,* 116 Maine, 154.   On the contrary it is perfectly clear, we think, that such was not his intent.   It was his expressed wish that at the death of either, not what was left, but "the same" should go to the survivor; and upon the death of the survivor both bequests, not what remained of them, should then be equally divided between his daughters.   Such a disposition of the gifts at the decease of the sisters in the same paragraph "without the pen being lifted from the paper" as the court said in *Hopkins* v. *Keazer,* supra, is inconsistent with an intent to give an absolute estate to the sisters.

Has he so expressed his intent, that it cannot be carried out without violating some of the "firmly fixed canons of interpretation?" We think not.

The court in the recent case of *Barry* v. *Austin,* supra, laid down four rules or canons of interpretation governing this class of cases that appear to have become "firmly fixed" from frequent applica-

tions, in its previous decisions. The second, third and fourth clearly have no application to the case at bar. Nor does the first, unless it shall be held that a devise or bequest without words of inheritance or an unqualified power of disposal in all cases, *ex proprio vigore,* creates an absolute estate.

From an examination of the authorities in this and other States we do not find that such a rule of construction has ever been actually applied when the facts are as in the case at bar. The burden of establishing such a rule is upon those who assert it.

That the first rule laid down in *Barry* v. *Austin* is not such a rule is clear from the illustrations under it. An *intent* to create an absolute estate in the first taker in each case there cited is made certain by the additions of words of inheritance or an unqualified power of disposal either express or implied. Once it appears that an absolute estate was intended in the first taker, it is no longer a question of construction and the attempted gift over is repugnant and therefore void. Sec. 19, Chap. 79, R. S., does not declare that every devise without words of inheritance conveys an absolute estate. It is clearly a matter of intent and construction. *Ware* v. *Minot,* 202 Mass., 512; *Dorr* v. *Johnson,* 170 Mass., 540. To assume, then, that a devise or gift without words of inheritance creates an absolute estate is simply begging the question. The question in all cases must be, first, what was the testator's intent? Has he in any way indicated that a lesser estate was intended?

In every case in this State where the remainder or gift over has been held void from *Ramsdell* v. *Ramsdell,* 21 Maine, 288, to *Morrill* v. *Morrill,* 116 Maine, 154, including *Shaw* v. *Hussey,* 41 Maine, 495; *Jones* v. *Bacon,* 68 Maine, 34; *Mitchell* v. *Morse,* 77 Maine, 423; *Wallace* v. *Hawes,* 79 Maine, 177; *Loring* v. *Hayes,* 86 Maine, 351; *Taylor* v. *Brown,* 88 Maine, 56; *Bradley* v. *Warren,* 104 Maine, 423; *Lord* v. *Pearson,* 108 Maine, 565, there has either been words of inheritance or a general power of disposal express or implied added to the general devise, and the intent to create an absolute estate in the first taker has been clear. For this reason they are not controlling of the present case.

The only case which has come before this court where there was a devise or gift without either words of inheritance or a power of disposal express or implied, and with a remainder over, is that of *Hopkins* v. *Keazer,* 89 Maine, 347. There the devise in question

was to children and at their death to the grandchildren of the testator. The devise to the children in that case was as bare of any words of inheritance or power of disposal either express or implied as the case at bar. The court, however, said, "so far from there being any clear intention that the children of the testatrix are to take an absolute property, it is on the contrary clearly evident that they should not have any such property, her scheme being that the fee in all her estate should finally vest in her grandchildren." Is it not equally clear in the case at bar that it was the testator's intent that the gifts to his sisters should finally vest in his two daughters? As the present learned Chief Justice of Massachusetts said in *Ware* v. *Minot,* supra: "The devise over to the lineal descendants is strong evidence that she did not intend the estate of the son to possess the incident of descent to his heirs, and that therefore it was not a fee."

In such cases the same rule appears to have been followed in other States as to the effect of a gift or remainder over following a general devise without words of inheritance or other words of limitation indicating an absolute estate. In In re will of Francis Wills, 25 R. I., 332, there was a gift to a son without words of inheritance or other words of limitation, at his death the devise was to go to his wife. The statute of Rhode Island as to the effect of a devise without words of inheritance is the same in effect as Sec. 19, Chap. 79, R. S. The court said: "It is true that the clause under consideration does not in terms limit the estate devised to Orlando to his wife. But it expressly provides if he should die then the property is to go to his wife for and during her natural life and no longer, thus showing by plain implication that the son took it for life only, as otherwise he could dispose of it and thereby deprive his wife of her interest therein."

In the case of *Schmaunz* v. *Goss,* 132 Mass., 141, there was given to a sister by appointing her his heir one-fourth of the testator's estate without words of limitation. At his death it was provided that it should go to his grandchildren. The court said: "These provisions standing alone would entitle each to an undivided quarter in fee simple of all his real estate. An estate in fee simple is not to be cut down to a less estate by the subsequent terms of the will unless they show a clear intention to that effect. The testator then directs that the portion which my sister receives shall fall

after her death to the children of a deceased son. The language here is distinct and clear and plainly restricts her interests in the real property devised to her to an estate for life with vested remainder in fee in the children of Erchard Schubert." Except for the additional provision, "And shall be left behind by my sister to these children," which the court said might be construed to mean that she should not dispose of it, this case is no different in the issue raised from the case at bar. Nor is the suggestion without force in the case at bar that the words: "At her death the same  .  .  . together with what I previously gave to my sister, Georgie J. Bailey," there being elsewhere in the will no express or implied right in the sisters to use any part of the principal, unless, of course, the gift be held to be absolute, should be construed as indicating the principal sums given to the sisters was not to be disposed of by them, but was to be kept intact and be passed on at their death to his daughters, who under the will only received in addition to these bequests the sum of one thousand dollars each, while the sisters were made the residuary legatees.

To the same effect are the cases: In re Grover's Est., 34 N. Y. S., 474; *Rice* v. *Moyer*, 97 Iowa, 96; also see *Baxter* v. *Bowyer*, 19 Ohio St., 490.

It is suggested, however, that the court in *Mitchell* v. *Morse*, 77 Maine, 423, has indicated that a gift or remainder over should not alone be permitted to cut down the estate given to the first taker. The language of this case and of the court in *Wallace* v. *Hawes*, and *Loring* v. *Hayes*, however, should be weighed in the light of the opinion in *Hopkins* v. *Keazer*, supra.

The court said in *Mitchell* v. *Morse*, "that in a large majority of cases, both in England and in this country, it is held that a mere devise over will not cut down the estate given to the first taker." This is true, if the estate in the first taker was clearly intended to be absolute; but if by this, it is meant that the cases expressly hold that a presumptive fee under Sec. 19, Chap. 79, R. S., when viewed in the light of the other provisions of the will may not be so cut down, it is not sustained by the authorities cited in the opinion nor has any such plethora of authorities as are suggested by the language of the opinion, been called to our attention.

Upon the facts involved, this case is not an authority for the contention that such a rule of interpretation has become "firmly fixed"

in this State. In the first place it is clear in this case, under the rules of interpretation already well established, that an absolute estate was intended in the first taker. It was the "remainder thereof" that went to the children. Clearly under *Ramsdell* v. *Ramsdell*, *Shaw* v. *Hussey*, and *Jones* v. *Bacon*, above cited, there was an implied power of disposal in the wife and an absolute estate. It was so recognized in *Hopkins* v. *Keazer*, 89 Maine, 353, where it was distinguished from that case upon that very ground.

In *Wallace* v. *Hawes*, 79 Maine, 177, the language of the court followed in the main that of *Mitchell* v. *Morse*, but as in that case, it was the "residue" after the death of the first taker that went over, clearly implying an unlimited power of disposal in the first taker and an absolute estate.

In *Loring* v. *Hayes* the court said: "It is a long settled rule in this State that when by the terms of the bequest an estate in fee simple of real estate or an absolute gift of personal property is made a gift over is void." To which no exceptions can be taken. But it appears when analyzed that if the gift over in this case applied at all to the gift under consideration, there was an implied power of disposal in the first taker and hence an absolute estate. If the gift over did not apply to the gift in question, then there was nothing to indicate that a lesser estate was intended and by the statutes the absolute property passed.

When, however, the exact situation contained in the case at bar arose in *Hopkins* v. *Keazer*, supra, the court then having as members the authors of the opinions in the three cases above referred to and who all joined in the opinion, said: "Of course, we must fully recognize the familiar principles well established in this State that if a testator first bequeaths property by absolute and unconditional terms, he cannot afterwards by a different provision in the same will unless it be a full or partial revocation of the first provision carve a remainder out of what he has already disposed of. But that doctrine should be applied carefully where it manifestly conflicts with the real intention of the testator and some judges and jurists think the doctrine has already gone too far in some cases."

The court then proceeds to distinguish *Mitchell* v. *Morse* and *Jones* v. *Bacon* from the case then at bar on the very grounds we have already pointed out, viz: that wherever there was a general power of disposal added to the first gift, the intent to give an abso-

lute estate to the first taker was clear; and then quoting from *Ide* v. *Ide*, 5 Mass., 500: "Whenever it is the clear intention of the testator that the devisee shall have an absolute property in the real estate devised (the principle had not then been extended to personal property) a limitation over must be void. In *Barry* v. *Austin*, 118 Maine, 58, the court placed *Loring* v. *Hayes* in the same class of cases, where an implied power of disposal has the effect of rendering any gift over repugnant and void.

It may be suggested, however, and there is dicta to that effect, that an unqualified power of disposal adds nothing to the amount of the estate already given, "that the law presumes in such a case that a testator superadds the unlimited power of disposal to make his intention emphatic and unequivocal as possible. Where there is no remainder over, it, perhaps, serves no very useful purpose, because no question of whether a lesser estate was intended is raised; but where a question is raised by a limitation over "at the death" of the first taker, it then becomes a very important consideration in the construction of a will; and the "canon of interpretation" may be said to be "firmly fixed;" that where an unlimited power of disposal is added to a devise in general terms, an absolute estate is clearly intended and any limitation over is repugnant and void.

An examination of the authorities will disclose that it has always been given other weight than merely emphasizing the estate already granted whenever it came to the question of construction. Even in *Stuart* v. *Walker*, 72 Maine, 146, where this language as to its serving only to emphasize the estate already given and not to extend it was first used, the court said: "In *Jones* v. *Bacon* it was held that an absolute power of disposal in the first taker renders a subsequent limitation void" and that "the doctrine is truly stated in *Shaw* v. *Hussey*, supra, 'that a devise of land to another generally or indefinitely with a power of disposal of it amounts to a fee.' "

In *Shaw* v. *Hussey* we also find this language: "A devise to one without words of inheritance, but containing the power of disposal without qualification is treated as equivalent to a devise with words of inheritance."

*Hall* v. *Preble*, 68 Maine, 101: "The general rule is well settled that a devise to one without words of inheritance, but containing the power of disposal is equivalent to a devise with words of inheritance."

The cases might be multiplied almost indefinitely where the court has laid stress on the unlimited power of disposal as indicative of the intent on the part of the testator to create an absolute estate in the first taker and thereby rendering any limitation over repugnant and void. *Lord* v. *Pearson*, 108 Maine, 565; *Kelley* v. *Meins*, 135 Mass., 231; *Damrell* v. *Hart*, 137 Mass., 218; *Foster* v. *Smith*, 156 Mass., 379; *Knight* v. *Knight*, 162 Mass., 460; *Pierce* v. *Simmons*, 16 R. I., 689; *Rodenfels* v. *Shumann*, 45 N. J. Eq., 383; *Bassett* v. *Nickerson*, 184 Mass., 175; *Galligan* v. *McDonald*, 200 Mass., 299.

The Massachusetts Court in *Ware* v. *Minot*, where the remainder over was held to be strong evidence that the incident of descent was not intended to be attached to the estate granted to the first taker in general terms, "and therefore it was not a fee," differentiated that case from those cases where an unlimited power of disposal was added to the general devise in exactly the same manner that this court in *Hopkins* v. *Keazer* differentiated *Mitchell* v. *Morse* and *Jones* v. *Bacon* from the case then at bar.

Notwithstanding the sweeping terms of the opinions in *Mitchell* v. *Morse*, *Wallace* v. *Hawes* and *Loring* v. *Hayes*, when the facts in those cases are analyzed, and after the decision in *Hopkins* v. *Keazer*, we think it can hardly be said that a "canon of interpretation" to the effect that "a devise of real estate without words of limitation vests in the devisee an estate in fee simple, and this result is not defeated by a remainder over," has become "firmly fixed" in this State.

Have the cases since *Hopkins* v. *Keazer* gone any farther or in any way modified the principles therein laid down? We think not. In *Bradley* v. *Warren*, 104 Maine, 423, the rule there invoked is stated as follows: "In the foregoing cases (referring to citations just preceding) the court was governed by the well settled rule that a devise absolute and entire in its terms conveys an estate in fee and any limitation over is repugnant and void." But in this case and in every case referred to as "foregoing" and as being governed by the rule as stated above, it will be found that there was an unlimited power of disposal or words of inheritance, so that an absolute estate was clearly intended in the first taker, and this power of disposal was assigned by the court as the reason why the estate in the first taker was regarded as absolute and the limita-

tion over void. The rule above quoted is not a mere reiteration of the one laid down in *Mitchell* v. *Morse* and *Loring* v. *Hayes*, unless they too are understood as holding that it is the unlimited power of disposal which as a matter of construction determines that the estate in the first taker was intended to be absolute.

In *Lord* v. *Pearson*, 108 Maine, 565: "Where a testator makes an unqualified and unrestricted power of disposal, an absolute estate passes to the donee, and any limitation over of such portion thereof as remains unexpended at the donee's death is repugnant," and cites *Bradley* v. *Warren* as supporting the rule, which is all it does support.

In *Morrill* v. *Morrill*, 116 Maine, 154, the court simply quotes the rule laid down in *Bradley* v. *Warren*. But in this case there was not only an implied general power of disposal, but words of inheritance as well, and the rule as stated in the general terms of *Bradley* v. *Warren* was particularly applicable, though to fortify it the opinion quotes from *Jones* v. *Bacon*, supra, and *Gifford* v. *Choate*, 100 Mass., 343: "An absolute power of disposal in the first taker is held to render a subsequent limitation repugnant and void."

In *Barry* v. *Austin*, 118 Maine, 51, which, as has been said before, lays down those rules which can be said to be "firmly fixed," no rule is there laid down which controls the case at bar as has been already shown.

Where there are no words of inheritance, there being no fixed rule of interpretation that a gift or devise in general terms of itself conveys an absolute estate, it becomes, we think, in all cases a question of construction from the whole will to determine the testator's intent, which must control. The gift or a remainder over may alone in the light of the other provisions of the will be sufficient under the statute to rebut the presumption that follows from a general gift or devise without words of limitation that a fee or an absolute estate was intended.

If there has been any confusion as to the rule governing this class of cases, any hardship that may follow, if any will, from settling definitely the rule that shall govern in the future in this class of cases, it will, we think, be outweighed by the consideration that the actual intent of the testator will in all such cases be permitted to control and not be thwarted by an arbitrary rule of construction.

The instrument before us was crudely drawn. The paragraph giving a cross remainder to the survivor of his two sisters and fix-

ing the death of the survivor as the time when these bequests should become the property of his two daughters was obviously an afterthought; but the intent is clear.

As to the quantity of the estate taken by the sisters. If the use of the word "same" in the first and second paragraphs in describing the property that should pass to the plaintiffs and of the word "property" in the connection in which it is used in the last paragraph do not conclusively indicate that the entire principal was to be kept unimpaired and only the income used, there is certainly no language that indicates any authority for and intent that the holders of the life estate should use any part of the principal sum for any purpose. We think it must be held that the intent of the testator was that the principal sum should be kept intact and only the income used during the lives of the first takers.

As to the second prayer in the plaintiffs' bill. No language in the will indicates that the testator intended to create a trust to protect the principal during the continuance of the life estates. *Si voluit non dicit.* He was apparently content to entrust it to his sisters and rely upon their integrity to preserve it. It should be paid to them. If there are any reasons why security should be given for its protection it does not appear in these proceedings, and it must be established, if any such exists, in other proceedings. *Sampson* v. *Randall*, 72 Maine, 109, 112; *Copeland* v. *Barron*, 72 Maine, 206, 211; *Starr* v. *McEwan*, 69 Maine, 334; *Warren* v. *Webb*, 68 Maine, 133.

> *Bill sustained.*
> *Decree in accordance with opinion.*
> *Taxable costs including reasonable counsel fees for both parties to be fixed by court below to be paid from the estate.*

MORRILL, J. I am unable to concur in the opinion by Justice WILSON.

In the first item of the will we have (1) a legacy in simple, terse language, of four thousand dollars without any limitation; (2) a legacy of the same four thousand dollars, likewise without limita-

tion, to the other sister. I cannot conceive of two provisions more repugnant in a legal sense, than these; and if, looking at the second paragraph, we add the gift to the daughters of "what I previously gave to my sister, Georgie J. Bailey," we have three absolute gifts of the same four thousand dollars, expressed as clearly as language can express thought.

The same result is apparent in respect to the legacy to the other sister, Frances Ann Gregg; We have (1) a direct legacy of four thousand dollars, without limitation; (2) applying the last clause of the will, a gift of the same four thousand dollars without limitation, to Georgie J. Bailey, if she survives Frances Ann; and (3) a gift of the same four thousand dollars to the daughters.

I think that these provisions are so absolutely repugnant in a legal sense that the first gifts of four thousand dollars each to the two sisters alone can stand; that the case must fall within the well settled general rule so often declared in this State, that if a gift of personal property be absolute and entire in its terms, any limitation over afterwards is repugnant and void. *Copeland* v. *Barron*, 72 Maine, 208. The same rule is applicable to devises of real estate and was laid down, as the first of four canons of interpretation, in *Barry* v. *Austin*, 118 Maine, 51, 58, in the following language: "Where an absolute gift in fee simple is followed by an attempted gift over, the latter is void. The reason is that the gift exhausted itself in the first giving and nothing remains for the second taker. A fee cannot be limited upon a fee. The attempted gift over is repugnant to the first gift and the two cannot stand together."

It is said that the attempted gift in remainder to the surviving sister and the attempted further gift in remainder to the daughters afford strong evidence that the testator did not intend to make absolute gifts to the sisters; but he did not use apt words to express that intent and give it effect. The will is singularly free from any words aptly limiting the gifts to the sisters. If the attempted gift over alone is to be considered sufficient evidence of the testator's intent, to warrant the court in limiting the first gift to a life estate, the long settled rule is in effect abrogated.

Justice Wilson's opinion is based upon the theory that while a devise or bequest to A presumptively imports a fee or an absolute estate in personality, a further limitation rebuts and overcomes

the presumption and is therefore not repugnant. This theory is opposed, I think, to the established law of the State, and the reasoning which attempts to reconcile the opinion with the earlier cases is unconvincing to my mind.

Judge Walton, speaking for the court in *Mitchell* v. *Morse,* 77 Maine, 423, denied any such legal conclusion from the fact of the attempted gift over; he said:

"The argument usually urged is that the devise over ought to be allowed to cut down or reduce the estate previously given, to a life estate, upon the ground that such must have been the intention of the devisor. And in a few cases this argument has prevailed. But in a large majority of the cases, both in England and in this country, it is held that a mere devise over of a remainder, will not cut down the estate given to the first taker.————The gift is direct, positive and absolute. And but for the devise over of a remainder, no one would doubt that under our statutes R. S., Chap. 79, Sec. 16 the terms used are sufficient to convey an estate in fee simple. The devise over is also direct and simple. It has no qualifying words or conditions whatever annexed to it. We thus have, first a devise of a fee simple estate, and then a devise over of a remainder. The two cannot co-exist. It is settled law in this State, as will be seen by the cases cited, that the latter must yield. The question is res judicata in this State, and will not be further discussed here."

So in *Loring* v. *Hayes,* 86 Maine, 351, where the testator, having made a bequest and devise of certain real estate and personal property to his wife "for her use during her natural life," made a further bequest to her of forty-five hundred dollars, and then devised and bequeathed to Jacob L. Hayes and others "all that may remain unexpended of the real and personal or mixed estate given to my wife in the second clause of this will," at the decease of his wife. The counsel for the residuary legatees contended, as appears in the opinion of the court on Page 356, that the last clause "should be taken into consideration as showing that the bequest of the sum of forty-five hundred dollars was for life only." But the court rejected the argument, saying:

"It has long been a settled rule in this State, as well as elsewhere, that where by the terms of a devise or bequest an estate in fee simple of real estate, or an absolute gift of personal property is made,

a devise or gift over is void. *Jones* v. *Bacon*, 68 Maine, 34; *Stuart* v. *Walker*, 72 Maine, 146; *Mitchell* v. *Morse*, 77 Maine, 423.

In this case the bequest of forty-five hundred dollars to the wife in cash or securities to be selected by her is absolute; there are no words of limitation that apply to that portion of the clause, and it cannot be presumed that the testator intended a life estate only when the language used clearly indicates an intention to make an absolute gift."

The controlling consideration in the instant case is the fact that the legacies to the sisters are couched in language plainly importing absolute gifts, and no apt words are used reducing those absolute gifts to life interests. The testator attempted to accomplish two or more inconsistent purposes. *Taylor* v. *Brown*, 88 Maine, 57.

A distinction is attempted in the opinion between the instant case and previous cases in this State where the rule has been applied, based upon the presence of either words of inheritance or a general power of disposal expressly added or implied.

The theory of the former cases is that a devise to "A" (no words of inheritance and no power of disposal and nothing except a further limitation appearing) is absolute, that it necessarily imports a fee and that a further limitation is repugnant and void.

We may eliminate from consideration devises to "A and his heirs" and on the other hand to "A for life," or similar words. The law governing limitations following such devises is well settled. No such words appear in the will now under consideration. It is also well settled that if the devise is to "A," with *qualified* power of disposal superadded there is no fee in the first taker and therefore no repugnancy in a further limitation.

If the power is *unqualified* the estate in "A" the first taker is a fee. Justice Wilson's opinion says that it becomes a fee *by reason* of the power.

I think otherwise. The fee exists independently of the power. The unqualified power being consistent with a fee does not operate to cut it down to a lesser estate as does a qualified power which is inconsistent with a fee. This is the point in controversy.

We may leave out of consideration that class of cases wherein express powers of disposal are treated or which discuss such forms of words as "if any remain" etc. from which a power may or may not be implied.

In the case at bar no words of inheritance appear and no words creating a power of disposal either express or implied are found. We have here a bequest to "A," presumptively a fee with nothing to cut it down to a lesser estate unless it is so cut down by a limitation over. Our court has repeatedly said that a further limitation *alone* does not have this effect and is repugnant and void.

*Jones* v. *Bacon,* 68 Maine, 37—(1877).

Devise to A without words of inheritance and without express power of disposal. "There would not even a question be made as to the meaning of the bequest just considered were it not for the last clause in the will which is as follows:" (Implied power of disposal).

*Stuart* v. *Walker,* 72 Maine, 149—(1881).

"A gives the estate to B in general terms. Stopping there, he gives an estate of inheritance. But an estate in fee *first described* may be cut down to a lesser estate by subsequent provisions." (i. e. by qualified power—not by further limitation only. Such limitation is repugnant.)

*Mitchell* v. *Morse,* supra—(1885).

"In a large majority of cases  .  .  .  .  it is held that a mere devise over of a remainder will not cut down the estate given to the first taker."

*Loring* v. *Hayes,* supra—(1894).

Bequest to A.—No words of inheritance.—No power.—Like the present case.

"It is difficult to see how the testator could have used other or different words which more clearly show his intention of making an absolute general bequest."——"It has long been a settled rule that where an absolute gift of personal property is made, a gift over is void."

*Taylor* v. *Brown,* 88 Maine, 56—(1895).

Devise to A.—No words of inheritance.—No express power.—Limitation over held repugnant and void.

*Bradley* v. *Warren,* 104 Maine, 427—(1908).

It is a "well settled rule that a devise absolute and entire in its terms presumptively conveys an estate in fee without words of inheritance and that any limitation over afterwards is repugnant and void."

*Morrill* v. *Morrill,* 116 Maine, 154—(1917).

Quotes and approves the rule stated in last case.

*Barry* v. *Austin,* 118 Maine, 54—(1919).

The language of the will is "I give, bequeath and devise" to A. "all the rest residue and remainder of my estate." The court says: "Had the devise stopped there" (in the pending case it does "stop there.") "With no accompanying words to qualify or explain it, it is undoubtedly true that the legal effect would have been to give the husband (A) a fee in the realty and an absolute estate in the personal property." (A power of disposal, held to be impliedly qualified, cuts the devise to a life estate).

It is true that Justice Wilson's opinion derives some support from *Hopkins* v. *Keazer,* 89 Maine, 347 decided in 1896. There are some facts in that case tending to differentiate it, and the old rule has been three times reiterated and emphasized by the court since.

It is also true that in some of the cases there are unqualified powers of disposal contained in the will under consideration and which are referred to as strengthening the presumption that the first limitation was intended to be a fee, but I think that it has never been held in this State that such power is necessary to be superadded to a general devise (without words of inheritance) to make a further limitation repugnant.

In other words under the long established rule a general devise (though without words of inheritance) presumptively creates a fee. Nothing need be added for this purpose. It may be cut down to a lesser estate expressly, as by the words "for life," or impliedly by a qualified power of disposal. If not so cut down, a further limitation is repugnant and void.

To re-state the contention of this opinion in a single sentence, —in this jurisdiction there is a firmly established canon of interpretation that a general devise or bequest of a fee or absolute estate cannot be cut down to a lesser estate *merely* by a further limitation.

This rule was so long ago established; it has been so frequently, so recently and so strongly stated and reiterated; it has been so implicitly relied upon by counsel with such important consequences to their clients that it seems to me unwise to abandon it and establish a different, even if a better rule.

"The rule sometimes operates harshly, no doubt, in defeating the real intention of testators; but it is a safer rule than one which for want of strictness would be attended in its application with all

sorts and shades of doubt and uncertainty." *Taylor* v. *Brown,*
88 Maine, 56, 58; and the observance of it has been deemed indis-
pensable to the required certainty and security in establishing
titles to property and especially in the disposition of landed estates.
*Bradley* v. *Warren,* 104 Maine, 423, 427. *Morrill* v. *Morrill,* 116
Maine, 155. The principle of *stare decisis* should be observed.
*Loomis* v. *Pingree,* 43 Maine, 299, 314. *Heaton* v. *Hodges,* 14 Maine,
66, 69; *Wentworth* v. *Goodwin,* 21 Maine, 150, 155.