THE NATIONAL BANK OF SMYRNA, Executor of the Last Will and Testament of George Ireland, deceased,

*vs.*

LUCY IRELAND, ASBURY M. E. CHURCH OF SMYRNA, KENT COUNTY AND STATE OF DELAWARE, and THE PALMER HOME FOR THE AGED, AT DOVER, KENT COUNTY AND STATE OF DELAWARE.

*Kent, Aug. 6, 1932.*

*James H. Hughes,* for complainant.

*Clarence A. Southerland,* of the firm of Ward & Gray, and *Harry P. Joslyn,* for Lucy Ireland.

*John B. Hutton,* for Palmer Home for the Aged.

*William M. Hope,* for Asbury M. E. Church.

THE CHANCELLOR: The Palmer Home and the Asbury M. E. Church contend that under this will Mrs. Ireland is entitled to receive for life the income from the personalty, which composed the testator's entire estate, and that after her death the corpus is to be equally divided between them. They deny any right in her to use or dispose of the principal.

Mrs. Ireland contends first that the will gives her an absolute interest not only in the household goods and furniture (which is not denied), but as well in all the rest of the estate, now held by the executor in the form of cash; or if

this be not so, that at the least she has a life right to the income from the personalty with a power to use and consume the principal, and that the Palmer Home and Asbury Church are entitled only to that portion of the principal remaining unconsumed by her at her death.

1. The first of the alternative constructions just stated is the one principally relied upon by the solicitors for Mrs. Ireland, viz., that the will confers upon her an absolute interest. Their argument starts out with the proposition that a gift of income of personal property without limitation is a gift of the principal. That proposition is well settled. It has been recognized as the law in this State. *Lorton v. Woodward*, 5 *Del. Ch.* 505; *Wilmington Trust Co. v. Houlehan, et al.*, 15 *Del. Ch.* 84, 95, 131 *A.* 529. The next step in the argument of the solicitors for Mrs. Ireland is to urge that as there was no limitation of the gift of the personalty to destroy the absolute character of its bestowal, the remainder over becomes ineffective, upon the principle that an absolute gift when once made cannot be cut down by subsequent language unless the paring-down language is clear and express—equally clear and decisive as the language in which the absolute gift is previously made. This court in *James' Adm'r. v. James, et al.*, 16 *Del. Ch.* 34, 139 *A.* 787, and in *Jamison, et al., v. Craven, Ex'r., et al.*, 4 *Del. Ch.* 311, has given recognition to that rule of construction.

But the solicitors for the Palmer Home and Asbury Church attack the fundamental proposition that there was in this will a gift of the income without limitation. Undoubtedly if we look at the second item of the will alone, the law would deduce from it an absolute gift of the principal, for the gift of the income as stated in that item is without limitation as to time. We are not however to look to a detached and segregated portion of the will for an elucidation of the testamentary intent. The will in all of its parts is to be examined as a whole, for one part may very well shade the meaning of another. That is axiomatic.

It is to be noted that Item 2 does not in express terms confer an absolute interest in the principal. It does so only by the legal inference arising from the fact that the income is given. Who drew the will is not shown. Whoever did so, I think it is apparent, was not a person careful in the art of expression. It is not difficult to suppose, as indicated by Hawkins in his work on *Construction of Wills*, (2d Ed.) *p.* 162, that a bequest of income of a fund would be thought of as confined to the life of the donee in the absence of an intention disclosed to the contrary. Such however is not the way law looks at such a gift. I mention this circumstance simply to emphasize the thought that the draftsman of this will, notwithstanding the law would attribute to Item 2 standing alone an intention to bequeath the principal, may very well have indulged the not unnatural thought that the language conferred only a life enjoyment of the income. The most that can be said with respect to Item 2 is that the gift of the principal, if intended, was not made in express terms; it was made only by inference. An absolute gift thus made, not couched in express words of inheritance with respect to real estate or in their equivalent with respect to personal property, will be more readily cut down to an interest for life than if such an express definition of the estate in the first instance had been made by the testator. Such was stated in *Wilmington Trust Co. v. Houlehan, et al., supra,* to have been the purport of the remarks made by Chancellor Saulsbury at one place in his opinion delivered in *Rickards, et ux., v. Gray,* 6 *Houst.* 232, which was before the Court of Errors and Appeals. In *Gregg v. Bailey,* 120 *Me.* 263, 113 *A.* 397, the court took pains to emphasize the same view.

Therefore, granting that Item 2 taken by itself bequeathed an absolute interest in the personal property, yet, because of the inferential manner in which the bequest was made, it is not entitled to cling as tenaciously to the general rule that later language cannot cut down an absolute

interest to a smaller one, as it could if its absolute quality were more directly and positively expressed.

Now is there anything else in this will which reveals an intent that Mrs. Ireland should receive the income for life only, instead of the principal absolutely as Item 2 standing alone would indicate? I think there is. Item 3, taken in conjunction with Item 2, shows it. I cannot conceive why the testator ever provided in that item that "the remaining of my personal property" should be divided equally between the Palmer Home and Asbury Church, at and upon the death of his wife, if he intended by Item 2 that his wife should have all of his personal property, not only his household goods and furniture which he had specifically bequeathed to her outright, but as well all the rest of which he should die possessed. It seems clear that when he gave his wife the income in Item 2 he meant income in its strict sense and not principal. The rule that a gift of income carries the principal does not apply where there is a gift over of the property or fund. *Thompson on Construction and Interpretation of Wills*, § 326. In *Adamson v. Armitage*, 19 *Ves. Jr.* 416, 34 *Eng. Rep.* 571, the rule that a gift in perpetuity of the produce of a fund is a gift of the fund itself, is said to be a *prima facie* rule which is applicable unless there is something on the face of the will to show an intention to the contrary. In *Newlin v. Phillips*, (*Del. Ch.*) 60 *A.* 1068, and *Shaw v. Hughes*, 12 *Del. Ch.* 145, 108 *A.* 747, the rule is accepted and applied that an interest bestowed in terms that are absolute will nevertheless be cut to one for life only if the will as a whole reveals that the intent of the testator requires it.

But it is contended that the word "remaining" in the third item shows that only that portion of the personal property which his wife did not dispose of during her life time should go to Palmer Home and Asbury Church, and that therefore the widow was intended to have the absolute power of disposal of the principal. If so, it is argued,

there was no limitation put upon the absolute gift of the personalty implied from the second item, and its absolute character is not therefore disturbed. In my judgment the word "remaining" cannot have the effect of confirming an absolute interest said to have been bequeathed by Item 2. The cases cited and relied upon by the solicitors for Mrs. Ireland in support of this contention possess features which differentiate them from the case now before the court and render them, therefore, of little if any assistance in the interpretation of this will. A brief reference to those of the cases cited which appear most nearly to approximate this case will suffice to point out wherein they are distinguishable. For instance, in *McGuire v. Gallagher,* 99 *Me.* 334, 59 *A.* 445, the gift of all the testator's property to the wife for life was accompanied with the words "to be used by her according to her desire," with a later provision that "all the property remaining" after her death should be divided among named persons. The court concluded from this language and from the further fact that the estate was so small that the support which the testator desired for his widow could not be afforded by the income it produced alone, that the widow's life interest was accompanied by a power of sale to meet her demands for support and comfort. Manifestly the case in hand is quite different from that one in three particulars—(a) here the widow was not expressly given any sort of interest in the corpus; (b) no such words as "to be used by her as she desires" are present in this will; and (c) there is no showing that if only the "income" which was expressly given is available to the widow she will want for comfort, especially when, as was admitted at the argument, she owns the home which the testator undertook to devise in the third item. The word "remaining" in the Maine case, which is the sole peg on which to hang the argument here, was only one among other and very suggestive circumstances there. In *Loud v. Poland,* 126 *Me.* 45, 136 *A.* 119, the gift was by deed, but

was not of income. It was a gift of life estate in realty with a revealed intent that the life tenant could use the land, but not to make any unnecessary waste or use thereof. The later words disposing of "whatever remains" after the death of the life tenant were held, in conjunction with the peculiar language of the grant, to confer a power of sale on the grantee for life. In *Selby v. Summers,* 205 *Ill. App.* 137, there was an absolute bequest of personal property to the testator's wife, with a subsequent provision that if any of the proceeds of its sale "shall remain not used or disposed of by her," it should be divided between the testator's children. There is no language in the will here under review that approaches that found in the Illinois case. *Follweiler's Appeal,* 102 *Pa.* 582, concerned only real estate, and the court held that a devise to the testator's wife "to keep and enjoy during her lifetime" and after her death "what shall be left shall be divided," etc., did not enlarge the life estate into a fee. Thus far the case lends no support to Mrs. Ireland's contention. It is cited by her solicitors however because of the dictum, that if it had been personal property, the wife would have taken it absolutely. Assuming the distinction drawn by the Pennsylvania court to be sound, viz., that a difference of principle prevails as between real property on the one hand and personal property on the other hand, yet the language of the will found in that case is quite different from that which is found in the instant one. In *Murray v. Roman Catholic Home,* 232 *Mass.* 384, 122 *N. E.* 557, the court passed upon an express absolute bequest of all the personal estate of the testatrix to her son, providing in a later clause that any "unexpended remainder" at the time of his death should go in a designated manner. It was held the son took an absolute interest in the personalty. Clearly that case is of no interpretative assistance in this one.

I have, I think, in the preceding paragraph taken notice of the cases cited by the solicitors for Mrs. Ireland

which appear to me to be the nearest in their approach to the instant one. In no case cited, neither in those just referred to nor in the other cases cited on the brief presented by her solicitors, is there any authority which purports to hold that where there is a gift of income only in the first instance and the word "remaining" is used in such connection as appears in this will, the legatee of the income is entitled to the absolute enjoyment of the principal.

The words "rest, residue and remainder of the property that shall be left after the decease of my said wife," to whom a life interest had been previously given, do not necessarily result in an enlargement of the life estate. If the will as a whole shows an intent that no more than a life estate was meant to be given, no enlargement will result from such words. *Bodfish v. Bodfish,* 105 *Me.* 166, 73 *A.* 1033.

What then, can the word "remaining" mean as it appears in the third item, unless it be as contended for by the solicitors for Mrs. Ireland? Looking at the will as a whole, I am of opinion that it gathers its meaning by reference back to Item 2. It will be noticed that in Item 2 the testator gives a portion of his personal property, viz., the household goods and furniture, to his wife absolutely. He then, in the same sentence, gives to his wife "the income from all of my personal property." What he really meant necessarily is, that he gave the income from all of his personal property that was left or remained after the household goods and furniture were taken out. And so when he spoke of "the remaining of my personal property" in the third item, I am of the opinion that he had in mind the remainder thereof that was left after the household goods and furniture were taken out, as to which remainder he had in substance though not in form provided that its income should be paid to his wife.

It is also suggested in behalf of Mrs. Ireland, that item three shows the testator knew how to word a life interest

as witness his provision with respect to the real estate (which by the way he never owned) ; and that it is to be presumed that if he intended his wife to have only a life interest in the personalty he would have used such language as his attempted disposition of the real estate shows he knew to be appropriate. That is an argument but not a persuasive one upon the point, in view of the whole will. Along the same line of argument but converse in its application, the solicitors for Palmer Home and Asbury Church point out that item two shows that the testator knew how to dispose absolutely of personal property, as witness his absolute bequest of household goods and furniture to his wife; and if he did not use such express language of absolute disposal with respect to the rest of his personal property, is it not evident that he intended by a bequest of the income from it to be for life only?

I do not think that we can get very far in arriving at the testator's intent as disclosed in this particular will by considering matters of that kind. One argument about balances the other.

I construe this will to mean as though it had read as follows:

I give and bequeath to my wife all my household goods and furniture. I give to her also the income from all the remaining of my personal property so long as she shall live; and upon her death I give the said remaining of my personal property to be equally divided, etc.

I conclude that there was no absolute gift of all the property to the testator's wife. All that was bequeathed to her, excepting the outright gift of the household goods and furniture, was the income for life.

2. The solicitors for Mrs. Ireland contend finally that if she has only a life right to income, she is yet given power to dispose of and use any part of the principal. They cite *Newlin v. Phillips, supra,* and *Shaw v. Hughes, supra,* both decided by this court, in support of this contention.

Those cases are not applicable to the instant one. In *Newlin v. Phillips* there was in the first instance an absolute gift to the wife, which the court cut down to one for life, but because of language in conjunction with the connotations of "such as may be remaining," which it was deemed evidenced an intention that the wife might expend the corpus in her support, it was further stated that she had a power of disposal limited by the extent of her necessities for support and maintenance. And in *Shaw v. Hughes,* there was a like finding of a limited power of disposal for purposes of necessary support, based on language plainly indicative of a testamentary intent in that respect. In the instant case, however, there is no room to contend that any language in this will can be found which shows a purpose on the part of the testator to subject the principal of his personal estate to liability for his widow's support. Neither is any showing made that the known value and size of the testator's estate would be inadequate in the testator's judgment to afford sufficient income for his wife's needs. Indeed, considering the fact that his widow owns her home, which he assumed to leave to her for life, it is not unreasonable to assume that he considered the income from his net estate of $17,500.00 ample, without touching the principal, to keep her in the manner of living to which she was accustomed.

If the contention in the present connection be that the suggested power of disposal is not a limited one confined to the wife's necessities, but an unlimited one, then it amounts to this—that to all practical purposes, the wife would have the equivalent of an absolute interest. For the reasons stated under the first heading of this opinion, I think that that cannot be so.

Decree that Mrs. Ireland is entitled to receive for life only the income, and that upon her death the principal should be equally divided between Palmer Home for the Aged and Asbury M. E. Church, as provided in the third item of the will.